*Miller & Jones* and *J. C. Morcock,* for plaintiff in error.

*John I. Hall, Olin J. Wimberly, Erwin & Callaway,* and *Hardeman & Jones,* contra.

---

BUTLER, receiver *v.* SCANDRETT *et al.*

BUTLER, receiver, *v.* WRIGHT *et al.*

ATKINSON, J. The rulings made in the case of *Butler* v. *Mitchell,* ante, are controlling in these two cases.

*Judgment affirmed. All the Justices concur.*

Argued March 14,—Decided May 20, 1907.

Injunction. Before Judge Felton. Bibb superior court. April 24, 1906.

*Miller & Jones* and *J. C. Morcock,* for plaintiff in error.

*John I. Hall, Olin J. Wimberly, Erwin & Callaway,* and *Hardeman & Jones,* contra.

---

## WRIGHT *v.* SMITH.

1. "A father, or, if the father be dead, a mother, shall have a right of action against any person who sells or furnishes spirituous liquors to his or her son under age, for his own use, and without his or her permission."

2. In a suit brought upon a right of action of the character indicated in the preceding note, the plaintiff may recover both general and special damages.

3. When, in a petition setting forth a right of action of the character above referred to, the petition lays damages in a stated amount and enumerates certain items of special damage, which, in the aggregate, amount to the exact sum sued for, the recovery of the plaintiff must be limited to the special damages alleged, and there can be no recovery for general damages. ·

Submitted April 18,—Decided May 20, 1907.

Action for damages. Before Judge Gober. Cherokee superior court. March 1, 1905.

Smith sued Wright for damages, laid in the sum of $500. The petition alleged, that the defendant was engaged in selling spirituous liquors in violation of the law, and had been selling such liquors · to the minor son of the plaintiff, when the plaintiff notified him not

to again sell to his son; that subsequently the defendant, notwithstanding such notice, sold to his son, a youth of sixteen years, a certain quantity of liquor, which his son drank, and which intoxicated him so that he was unable to take care of himself, and, while attempting to ride upon a horse, which he mounted in the presence of the defendant, when going from the place of business of defendant to his home, he fell from the horse and, as a result thereof, received serious injuries; in consequence of which he was unable to work for many months and would be unable to work for years to come. The petition alleged, that the damages sustained by the plaintiff consisted of amounts expended for medical services, for attention to his son, $75: other attention to his son while he was confined as the result of the injuries, $100; and loss of service and labor of his son on account of his being unable to work and the impairment of his ability to work, $325. It was alleged, that the injury and damage resulted from the act of the defendant in selling liquor to his son; and the petition closed with the averment that he was thus damaged in the sum of $500. The defendant filed an answer in which he denied all the material allegations of the petition. The trial resulted in a verdict in favor of the plaintiff; and the defendant assigns error upon the refusal of the judge to grant a new trial.

*J. P. Brooke* and *Griffin & Attaway,* for plaintiff in error.

Cobb, P. J. (After stating the facts.) "A father, or, if the father be dead, a mother, shall have a right of action against any person who sells or furnishes spirituous liquors to his or her son under age, for his own use, and without his or her permission." Civil Code, § 3871. The effect of this section of the code is to declare the act to which it refers to be a tort, and to give the parent a right of action therefor. In an action for a tort of this character, as is true in cases of actions for torts generally, the plaintiff may recover both general and special damages. The plaintiff, however, is not compelled to sue for all the damages which the law entitles him to recover. He may sue for general damages alone, or he may sue for special damages only, or his petition may embrace a claim for damages of each character. The petition in the present case alleges that the act of the defendant has damaged the plaintiff in the sum of $500. The petition enumerates the items of special damage; and the amounts so stated are in the aggregate, the exact sum sued for

It would seem that the purpose of the plaintiff was simply to ask a recovery of his special damages, and that he had waived the right to recover general damages. Even if it can not be said that this was clear from the averments of the petition, there is a doubt as to whether the pleader intended to claim general as well as special damages. Pleadings are construed most strongly against the pleader; and applying this rule to the petition in question, it must be held that under the averments of the petition, the plaintiff would be entitled to recover only the special damages alleged. Such being the case, the judge erred in charging the jury the law in reference to general damages.

*Judgment reversed. All the Justices concur.*