## 1111. CHRISTOPHULOS CAFÉ COMPANY *v.* PHILLIPS.

1. Where the plaintiff sues for special damages alone for breach of contract, and such special damages are not recoverable under the allegation of his petition, considered in connection with the contract which is made a part of the petition, he is limited, in his recovery, to the special damages alleged, and there can be no recovery for general or nominal damages.

2. The allegations of the petition, in connection with the contract made a part of the petition, clearly showing that the special damages sued for were not such as could be recovered by the plaintiff for the breach of the contract, the trial court did right, on demurrer, in dismissing the petition.

Action for breach of contract, from city court of Macon—Judge Hodges. March 21, 1908.

Submitted June 10,—Decided October 12, 1908.

The Christophulos Café Company, a corporation, brought suit against John Phillips, to recover damages for breach of contract. By the contract, which was made a part of the petition, the defendant agreed to build for the plaintiff a counter and a refrigerator of certain dimensions, for specified sums, the job to be completed on September 15, 1907. The contract was executed on August 2, 1907. The petition alleges that the defendant failed to comply with this contract and did not furnish to the plaintiff by the day agreed upon, or at any other time, either the counter or the refrigerator. It is alleged that the counter and the refrigerator were to be installed in a café which the petitioner was to open in the city of Americus, Georgia, and that both parties to the contract understood that time was of the essence of the contract, and that the counter and the refrigerator were to be furnished and delivered on September 15, 1907; that, relying upon the promises and agreement of the defendant as contained in the contract, the plaintiff employed skilled cooks and waiters to report for work at Americus, Georgia, at the time the defendant agreed to furnish said counter and refrigerator; and that on account of the unsatisfactory labor condition prevailing, and the plaintiff's agreement to pay its help, the plaintiff was compelled to pay them their salaries for the period of one month, as well as the board of one of them for one month, in order to retain them, besides the rent of the store for one month, during which time the store was unused, awaiting the completion of the contract by the defendant; that after the neglect of one month on the part of the defendant to complete his contract, it became necessary for the plaintiff to have the two articles set out in the contract constructed by another person; and that by this breach of the contract the plaintiff was damaged in the sum of $206, as shown by an itemized statement of the amounts the plaintiff was compelled to pay out by reason of the breach, as follows: "Tom Jones, unemployed, for one month, $40; Jim Mitchell, unemployed, for one month, $40; board of Jim Mitchell for one month, $38; George Adams, manager, unemployed, one month, $48; rent of store unused, $40; total, $206."

The defendant filed a general and special demurrer to the peti-

tion, on the following grounds: (1) that the items of damages alleged are too remote, and are not such as were contemplated when the contract was made, and are not such as the defendant can be made liable for; (2) that the petition sets out matter not within the terms of the contract, in that, by the contract, there was no agreement concerning the delivery of the counter or the refrigerator in Americus, Ga., or elsewhere, and the contract does not state that time is of the essence of the contract; (3) that the petition sets up matter of labor between the plaintiff and third persons, outside of the contract, and concerning which no notice is alleged to have been given the defendant by the plaintiff; and that the defendant has no concern with the employment of cooks and waiters, and is not in any wise responsible for the alleged unsatisfactory condition of labor, and not liable for the salaries or board of such laborers, or for the rent of the store; (4) that the allegations of the petition are not sufficiently specific to enable the defendant to investigate and ascertain the truth or falsity of the claim, as it is not stated in what capacity the laborers were employed, or whether they were white or colored, nor when they were employed, or what contract was made between them and the plaintiff, or what store the plaintiff rented, or from whom he rented it, or the amount of rent that should have been paid for it, or the length of time for which it should have been paid. The court sustained the demurrer and dismissed the petition; and this judgment is the error assigned.

*Glawson & Fowler,* for plaintiff.

*Arthur L. Dasher,* for defendant.

HILL, C. J. (After stating the facts.) The plaintiff must stand or fall by the terms of the contract which he sets out, and can only recover such damages as arise naturally and according to the usual course of things from the breach of the terms of the contract, and such as the parties contemplated when the contract was made, as a probable result of its breach. By the terms of his contract, the defendant agreed to build for the plaintiff a counter and a refrigerator according to specified dimensions and for a stipulated price, and agreed that the job should be completed on the 15th day of September, 1907. It is insisted by the defendant that the contract is in two distinct paragraphs, the first of which refers to the counter, and fails to specify at what time it was to

be completed; and that the second paragraph, relating to the refrigerator, contains the agreement as to completion by the 15th day of September, 1907, and is limited, therefore, to the time when the refrigerator was to be completed. We think, taking the contract as a whole, that the reasonable interpretation on this point is, that both the counter and the refrigerator were to be completed by the 15th day of September, 1907; that the words "this job," occurring at the end of the contract, refers to the entire contract, and not to a separate part of it. There is nothing in the contract, however, that indicates for what purpose the plaintiff needed the articles in question, or where they were to be used; and there is no allegation that the defendant was informed or knew anything as to these facts. There is no allegation that the defendant knew that the plaintiff was going to rent a store for the purpose of operating a restaurant; that it was to use either the counter or the refrigerator in such restaurant, or that it was going to employ laborers to carry on the restaurant in which the counter and the refrigerator were to be installed. There are many places where counters and refrigerators are used, other than restaurants. Neither is it alleged that the restaurant of the plaintiff could not have been operated without the counter and the refrigerator, and that this fact was known to the defendant when he made the contract. Under the contract and the allegations of the petition, we think the only measure of damages resulting from a breach of the contract was the difference between the cost of the counter and the refrigerator, in the market and the contract price. It certainly would be unreasonable to hold that the defendant, as the result of his breach of the contract, was liable to pay as damages to the plaintiff the items of damages sued for. The amounts paid out for the hire of two skilled laborers, a manager for the restaurant, and the rent of the store, can not be said to have been contemplated by the defendant as a probable result of a breach of a contract which only bound him to build for the plaintiff a counter and a refrigerator. It would be as reasonable to claim that the plaintiff could have rented a hotel in which the counter and refrigerator were to be used, and have hired fifty or a hundred waiters to work therein, and that, because the defendant failed to furnish the counter and the refrigerator by the time specified, he should pay as damages the rent of the hotel and the

hire of all these laborers. Especially so when there is no allegation that defendant knew, when the contract was made, that the counter and the refrigerator were to be used in the hotel, and that the hotel could not be carried on without them. Certainly the defendant was not responsible for the unsatisfactory condition of labor prevailing, which the plaintiff said made it necessary for him to pay the salaries and board of the laborers for the space of one month, who were to be employed in his restaurant. We conclude that the defendant was in no wise liable for the items of special damages claimed by the defendant. There is no claim for general damages, and the judgment sustaining the demurrer and dismissing the petition must be affirmed. Civil Code, 1895, §§ 3799, 3802; *Wright* v. *Smith,* 128 *Ga.* 432 (57 S. E. 684).

*Judgment affirmed.*