### 1107.  RED CYPRESS LUMBER CO. *et al. v.* BEALL.

1. Where the standing pine timber on land is owned by one person and the land itself by another, the turpentine and the right to box the trees for it are appurtenances of the timber, and not of the land.

(*a*) Where a landowner conveys the standing timber, without limitation, as to the use to which it is to be appropriated, the grantee may use it for any ordinary purpose.

(*b*) Where the owner of land sells the standing timber thereon unconditionally, save as to the time within which it is to be cut, but subsequently-contracts with the vendee of the timber that the vendee shall not work the timber for turpentine purposes, and, in violation of the contract, he does so work it, the landowner is not entitled to sue in trespass for the value of the turpentine, though he may have an action upon the contract as to any legal damages which may have been occasioned to him through the breach.

(*c*) Although a plaintiff may make out a case showing a right to recover general damages, yet if it appears from the petition that the suit is not for general damages, but for special damages only, and the special damages are not recoverable under the facts shown, a verdict in his favor is unauthorized.

2. The compromise of a bona-fide dispute as to the ownership of a property right may legally constitute the consideration of a contract in which one party agrees to give up certain rights he otherwise would be entitled to enforce against the other; but the contract is not binding if the party in whose favor it is executed waives nothing, gives up no claim, and furnishes no other consideration.

Action for damages, from city court of Albany—Judge Crosland.  March 9, 1908.

Submitted June 10,—Decided November 24, 1908.

*Pope & Bennet,* for plaintiffs in error.

*Mann & Milner,* contra.

POWELL, J.  The view we take of the controlling questions in the case renders it necessary to state only the following portions of the facts.  Mrs. Beall owned the "Hickory Level" place, consisting of several lots of land in Dougherty county.  On January 6, 1902, she executed a warranty deed, conveying to the Red Cypress

Lumber Company, its successors and assigns, the timber growing upon the land comprising the "Hickory Level" place, together with the right of ingress and egress by tramroads, wagon roads, etc. The grantor reserved the right to use the timber on one of the lots (No. 292) for fence purposes, and to use for firewood, on the plantation, timber not suitable for mill purposes. It was stipulated that the grantees should have ten years from the date of the deed in which to cut and remove the timber. It was also provided that the grantees should not cut pine timber for the purpose of making rails or cord wood for market. The Red Cypress Lumber Company thereafter granted the right to cut and work the pine timber for turpentine purposes to McConnell. On November 29, 1904, the following writing was executed: "This agreement, entered into this day between J. B. Beall, agent for Mrs. M. L. G. Beall, of the first part, and E. A. Hallam and J. S. Davis, receivers of the Red Cypress Lumber Company, and G. B. D. McConnell, purchaser of the turpentine privileges on the Beall Hickory Level Place, of the second part. The parties of the second part agree to turpentine the following land only on said place: All timbered lands east of the road running from Ducker Station to Newton, also the two parcels of woodland situated in what is known as the new ground, west of Newton road, the same being two ponds; also the wood north of the plantation road from the quarter to Land Tarver and running north of the Clayton place line. And further gives R. P. Hall the privilege of clearing all the highlands on lot 292. [Signed] Edwin A. Hallam, receiver, J. B. Beall, Agent, G. B. D. McConnell, Jos. S. Davis, receiver. Witness: R. P. Hall, clerk superior court Dougherty county, Ga." J. B. Beall had a power of attorney and had full authority to act for his wife, Mrs. M. L. G. Beall. Mrs. Beall filed the present action against the Red Cypress Lumber Company and McConnell, alleging that, subsequently to the execution of the foregoing agreement, the defendants entered upon that portion of "Hickory Level" place excepted in the agreement, and damaged her in the sum of $2,000, by boxing the timber and removing $2,000 worth of turpentine. It seems that there were a number of roads running through the "Hickory Level" place; and there was a large amount of testimony as to which of these roads were referred to by the description given in the agreement, and as to whether any of the

boxing had been done beyond the limits set in the agreement. It was not shown that any of the rail timber reserved in the first conveyance was boxed. The jury returned a verdict for the plaintiff, in the sum of $400, and the defendant presents, on review, a number of exceptions.

1. The plaintiff's case is affected with the radical infirmity that she sued for and recovered the value of that which was not hers actually or constructively. The timber deed from her to the Red Cypress Lumber Company conveyed all the timber, without limitation as to the purpose for which it was to be used (except as to rail timber and cord wood); hence the grantees took the full title to it, with the right to use it for any ordinary purpose not expressly excepted. *Gray Lumber Co.* v. *Gaskin,* 122 *Ga.* 342 (5), (59 S. E. 164); *Brinson* v. *Kirkland,* 122 *Ga.* 487 (50 S. E. 369); *Mills* v. *Ivey,* 3 *Ga. App.* 559-60 (60 S. E. 299). Turpentine and the right to take it from the pine trees are appurtenances of the timber, and not of the land, where the land and timber are owned by different persons. Hence the turpentine and the right to work the trees belonged to the Red Cypress Lumber Company or its assigns, and not to Mrs. Beall, on and after the execution of the foregoing conveyance, unless she subsequently acquired title to it. The agreement of November 29, 1904, did not purport to convey to Mrs. Beall anything. If valid at all, it merely bound the Red Cypress Lumber Company and McConnell, to whom that company had sold the turpentine privileges, not to turpentine that portion of the timber not included within the limits there given. Hence if the defendants worked the timber beyond the limits specified, they violated the contract; but the turpentine they took was not the property of Mrs. Beall. We pointed out in the case of *Mills* v. *Ivey,* supra, how a person might be willing to sell timber for certain purposes, and at the same time be unwilling for it to be used otherwise. Hence it was competent for Mrs. Beall to contract, with those who owned the timber standing on her land, that they would not work it for turpentine purposes. If she made a valid contract to that effect, and the other parties thereafter worked the timber for turpentine, she might have an action on the contract for the breach of it; but her damages would not consist in the value of the turpentine taken; for the turpentine was not hers; and if she had undertaken to box for it and gather it, the Red Cypress Lumber

Company, notwithstanding their agreement that they would not box it themselves, might have held her for the value of it, or for the damages done the timber.

'If the agreement of November 29, 1904, is valid, it is possible that Mrs. Beall might have maintained an action of trespass against the defendants for entering upon her lands, and for passing to and fro thereon in gathering the turpentine; for it may be reasonable to construe that contract as limiting the right of ingress and egress which the grantees under the timber deed were otherwise entitled to enjoy; but she has not laid any damages for this technical trespass. It clearly appears, from an amendment filed to her petition and allowed on May 21, 1907, that she sued only for the value of the crude turpentine taken. Compare *Christophulos Café Co.* v. *Phillips,* 4 *Ga. App.* 819 (62 S. E. 562) ; *Wright* v. *Smith,* 128 *Ga.* 432 (57 S. E. 684).

2. The agreement of November 29, 1904, was not, in our opinion, shown to be a valid contract. It lacked the necessary element of consideration. It expressed no consideration. The proof on the trial disclosed no benefit to the promisors, or detriment to the promisee, to support it. We recognize the rule asserted by counsel for the defendant in error, that the compromise of a controversy existing between the parties may furnish a consideration for a contract. We think that if there was a bona fide dispute between the parties as to whether the grantees under the timber deed had the right to work any of the timber for turpentine, and in settlement of this controversy Mrs. Beall agreed that she would no longer dispute their right to cut a certain portion, if they would no longer claim the right to cut the remainder, such a contract would not be lacking in the element of consideration; but we find no such concession agreed on the part of Mrs. Beall or her attorney in fact. If she really claimed that her grantees under the timber deed did not have the right to use the timber for turpentine—and the proof as to this is very meager and indefinite,—there is no proof that she contracted to abandon any portion of this claim as a consideration for the agreement subsequently made. A compromise in which one party makes the entire concession, and receives nothing in return, is not mutual or binding.     *Judgment reversed.*