## 6794. ADAMS v. DORMINEY.

In a suit for damage to certain property, where the items of damage are set forth in the petition and amount in the aggregate to a stated sum, alleged to be "the market value of said property," which is the total amount sued for, and the evidence on the trial of the case fails to show in any way the market value of the property, the plaintiff is not entitled to recover general damages or nominal damages, being confined to the special damages set forth in his writ.

DECIDED JULY 6, 1916.

Action on contract; from city court of Fitzgerald—Judge Griffin. June 28, 1915.

*Elkins & Koplin, E. Wall,* for plaintiff.

*McDonald & Bennett,* for defendant.

HODGES, J. This suit was for damage to certain personal property alleged to have been delivered to the defendant under a contract for hire, to be returned to the plaintiff at the expiration of the contract time in as good condition as when received. It was alleged that the defendant, by the terms of the contract was not to be exempt from liability in the event of damage or destruction of the property by fire or otherwise. The property was damaged by fire while in the possession of the defendant.

We do not think that the court erred in directing a verdict in

favor of the defendant. The total amount sued for was the aggregate of special items and amounts, alleged to be "the market value of said property;" and the record does not show that there was any evidence tending to show the market value of the property. In the case of *Wright* v. *Smith,* 128 *Ga.* 432 (57 S. E. 684), it was held that where "the petition lays damage in a stated amount and enumerates certain items of special damage, which in the aggregate amount to the exact sum sued for, the recovery of the plaintiff must be limited to the special damages alleged." This court in the case of *Christophulos Café Co.* v. *Phillips,* 4 *Ga. App.* 819 (62 S. E. 562), ruled that where the suit is for special damages, the plaintiff's recovery is limited to the special damages alleged, and there can be no recovery of general or nominal damages. The evidence in this case not giving the jury any data as to what was the market value of the property injured and damaged, the plaintiff was not entitled to a verdict for the special damages alleged in his suit. See also *Sparks Milling Co.* v. *Western Union Telegraph Co.,* 9 *Ga. App.* 728 (72 S. E. 179); *Hadden* v. *Southern Messenger Service,* 135 *Ga.* 372 (3), 374 (69 S. E. 480). Applying the principles enunciated in the cases cited above, the court did not err in directing a verdict in favor of the defendant.                    *Judgment affirmed.*