EMMA GARLAND v. CAROLINA, CLINCHFIELD AND OHIO RAILWAY COMPANY.

(Filed 6 December, 1916.)

**1. Torts—Damages—Proximate Cause.**

A wrong-doer is responsible in damages resulting directly and proximately from the tort he has committed; but if the cause is remote in efficiency and does not naturally result from the tort, it will not be considered as proximate.

**2. Same—Carriers of Passengers—Negligence—Intervening Cause—Trials—Courts—Questions of Law.**

Where a railroad company has negligently carried a female passenger a mile or two beyond her station, causing her to walk that distance to her home with a suitcase, and the failure of her husband to meet her; and it appears that, at the time, the weather was clear and pleasant, but she was caught in a storm before she reached home, after having stopped a while on her way at a friend's: *Held,* the damages she may have sustained by reason of the storm were caused by an independent, intervening act, the act of God, and not those arising proximately from the carrier's tort, and are properly excluded as an element of damages as a matter of law.

**3. Torts—Carriers—Damages—Contracts—Proximate Cause.**

Where a carrier is sued for damages in tort for a neglect of its duty in negligently carrying a passenger to a station beyond her destination, the rule that the damages must have been within the contemplation of the parties, applying to breaches of contract, has no application.

CIVIL ACTION tried at August Term, 1916, of YANCEY, before *Shaw, J.,* upon these issues:

1. Did the defendant wrongfully carry the plaintiff by Forbs station, as alleged? Answer: "Yes."

2. What damage, if any, is the plaintiff entitled to recover of the defendant? Answer: "$87.50."

From the judgment rendered, the plaintiff appealed.

*Hudgins, Watson & Watson for plaintiff.*
*J. J. McLaughlin, Pless & Winborne for defendant.*

BROWN, J. The plaintiff testified that in September, 1915, she purchased a ticket from Erwin to Forbs, a flag station on defendant's railway. The conductor took up her ticket, and slowed down at Forbs, but did not stop the train, in consequence of which plaintiff was carried to Toecane, 2½ miles from Forbs. She alighted from the train and walked to Forbs and crossed the river there and started home carrying

a heavy suitcase. Her husband was to have met her at Forbs, but as the train did not stop, she failed to meet him. Plaintiff started home by a near path to her home, 2 miles from Forbs. She carried the suitcase as far as Wesley Deaton's and left it. She stopped there a while and then walked on to her home.

She further testifies: "It was right pleasant when I got off at Toecane, but there came up a storm in the evening before I reached home." She had then left Deaton's and was about 1½ miles from her home. It did not rain at all until after she left Deaton's. Plaintiff testifies that her body was wet and that she suffered materially because of it. William Garland, the husband, testified that he was working at Wesley Deaton's, that he went to Forbs to meet his wife, but as the train did not stop, he returned to Wesley Deaton's to his work; that later in the day plaintiff came bringing the suitcase; that she went on home, leaving the suitcase for him to bring home that evening.

The plaintiff requested the court to charge the jury that "the plaintiff is entitled to recover for the personal injury, inconvenience, annoyance, discomfort, and the physical effort incident to and flowing from defendant's failure to put her off at her destination, and for the injury she suffered, if any you find she suffered, by *getting wet* and carrying her suitcase."

The court instructed the jury fully, but stated that plaintiff was not entitled to any damage for getting wet, and that they should not award plaintiff any damage on that account. To this charge the plaintiff excepted.

This assignment of error is substantially the only question presented on this appeal.

In actions founded on tort the wrong-doer is liable for all injuries resulting directly from the tort, whether they were in the contemplation of the parties or not. The rule laid down in *Hadley v. Baxendale,* that the damage must be within the contemplation of the parties, applies only to breaches of contract. But in torts the damages must be the legal and natural consequences of the wrongful act and such as according to common experience and the usual course of events might have been reasonably anticipated. The legal proximate cause of all damage must be the tort.

If the cause is remote in efficiency and does not naturally result from the tort, it will not be considered as proximate. To be such it must be "a cause that produced the result in continuous sequence and without which it would not have occurred, and one from which any man of ordinary prudence could have foreseen that such a result was probable under all the facts as they existed." *Ramsbottom v. R. R.,* 138 N. C., 42; *Brewster v. Elizabeth City,* 137 N. C., 392.

GARLAND *v.* R. R.

*Lord Bacon* says: "It were infinite for the law to judge the causes of causes and their impulsion one on another. Therefore, it contenteth itself with the immediate cause and judgeth of acts by that without looking to any further degree." Maxims Reg. 1. No rule of damage embraces within its scope all the resulting consequences of a given act. Such a rule would be a serious hindrance to the ordinary affairs of life. The effect would be to impose a liability entirely disproportionate to the act committed, or to the failure to perform the duty assumed, as well as to the compensation received therefor. There must be a limit, and the courts have set it at a point "where for the purpose of the law a particular cause may be said substantially to have spent its force and to have fallen into the great mass of circumstances which has ceased to be an active force." 1 Sutherland on Damage, 111 b. Therefore, common carriers are held responsible only for the ordinary and proximate consequences of their negligence and not for those that are remote and extraordinary. *Causa proxima, non remota, spectatur.* "Compensation is recoverable for consequential losses only when they are proximate. Consequences are natural and probable only when, according to common experience and the usual course of events, the effect of the wrongful conduct is to set in operation the intermediate cause; that is to say, when the intermediate cause was not independent." Hale on Torts, p. 213.

Following these well settled principles, this Court held that though a carrier negligently delayed to forward goods delivered at its depot for shipment, it was not liable for the loss of the goods by fire when it was not negligent in respect to the fire. *Extinguisher Co. v. R. R.,* 137 N. C., 278. Likewise it is said that in case of delay by a carrier in the delivery of goods whereby they are destroyed by flood, when the connection between the delay and the flood is merely accidental and fortuitous the loss of the goods is a remote consequence of the delay. 1 Sutherland on Damages, sec. 119.

It is held in the Federal Circuit Court of Appeals that where by reason of delay in constructing a vessel it was crossing the sea at a later time than was intended, and was caught in a hurricane and destroyed, the loss of the vessel was a remote and unexpected consequence of the delay in construction. *D. E. Ford v. Steel Co.,* 113 Fed., 72.

A passenger was carried a short distance past his station on a dark night, and on leaving the train was misinformed by the conductor as to where he was. He soon discovered that he was south of a cross road he meant to take in going home, instead of north of it, as he was told when he landed. In nearing a cattle-guard en route home his eyes deceived him, his foot slipped, and in trying to recover his balance he fell into the culvert, which he supposed was farther off, and was se-

riously injured.   *Held,* that the carrier's negligence in carrying plaintiff past the station, and in misinforming him, was not the proximate cause of the injury, which was purely accidental, and he could not recover for it.   *Lewis v. Ry. Co.,* 54 Mich., 55.

It was held by the Wisconsin Court that where a railway company carried a woman passenger beyond her destination, and she voluntarily and needlessly walked back instead of waiting for a returning train, the road was not liable for injuries sustained by her from exposure on her walk back, the damages not being the proximate result of the road's breach of duty.   *Le Beau v. Minneapolis, St. P., and S. S. M. Ry. Co.,* 159 N. W., 577.

In *Elliott v. R. R.,* 166 N. C., 482, the plaintiff was carried beyond her station and compelled to alight at another station on a cold, snowy night, and remain at the depot for some time.   There was no stationhouse, as it had been burned down.   In consequence of being carried beyond her own station and put off in the cold, sleet, and snow at a station without proper accommodation, and compelled to wait there some time, plaintiff was made ill and suffered serious injury.   It was held that her injury was the proximate result of the carrier's negligence.   The distinction between that case and this is too obvious to need discussion.

The sudden storm that caused plaintiff to get wet was an independent, intervening, and unexpected cause and the act of God, for which defendant was in no way responsible.   If she had not stopped at Deaton's, or if she had remained there longer, she might have escaped entirely.   The negligence of the defendant did not set that independent cause in motion.   It was one of those accidents against which human foresight cannot provide, and was not the proximate result of the carrier's negligence.

As said by *Chief Justice Cooley (Lewis v. Ry., supra),* "It was after the plaintiff had been brought there that the cause of the injury unexpectedly arose.   If lightning had chanced to strike the plaintiff at that place, the fault of the defendant and its relation to the injury would have been the same as now, and the injury could have been charged to the defendant with precisely the same reason as now."

We are of opinion that the court properly excluded from the consideration of the jury the injuries sustained solely as the result of the thunderstorm.   As there is no dispute as to the facts, and as only one deduction is possible to be drawn from them, proximate cause thus became a question of law.

No error.