KADER ASKEW v. WESTERN UNION TELEGRAPH COMPANY.

(Filed 10 October, 1917.)

**Commerce—Telegraphs—Negligence—Mental Anguish—United States Supreme Court—State Courts.**

The decisions of the Supreme Court of the United States holding that mental anguish alone is not a legal ground for the recovery of damages in an action against a telegraph company for its negligence in transmitting an interstate message is controlling upon the courts of this State as to interstate messages; and the contract being for the delivery as well as for the transmission of the message, the fact that the negligence occurred in the delivery in this State can make no difference.

CIVIL ACTION, tried before *O. H. Allen, J.,* at April Term, 1917, of HERTFORD.

Judgment for defendant, and plaintiff appealed.

*Roswell C. Bridger, W. R. Johnson, and E. T. Snipes for plaintiff.*
*Pruden & Pruden, Gilliam & Davenport, A. T. Benedict, and Tillett & Guthrie for defendant.*

WALKER, J. This action was brought to recover damages for mental anguish, alleged to have been caused by the negligent delay of the defendant in delivering a telegram which was sent by Ernest Askew, who lived in New York, to the plaintiff, who lived in this State, announcing that the latter's son, Johnnie Askew, was then dying. It was, therefore, an interstate telegram. As appears in the record, the plaintiff sought to recover damages for mental anguish only, and the case, therefore, is governed by the recent decisions in *Norris v. Telegraph Co.* and *Bateman v. Telegraph Co.,* both decided at this term. We held in those cases, following the general principle, as to interstate telegrams, stated in *Meadows v. Telegraph Co.,* at the last term, that the Federal law is applicable in such cases, and for that reason, that damages cannot be recovered for mental anguish alone, unaccompanied by any physical or other sufficient legal injury. Where the telegraphic message is intrastate in character, our decisions will control. Besides, this was an unrepeated message, and *Meadows v. Telegraph Co., supra,* therefore, specially applies.

The other matter, relating to the reasonableness of the company's rule as to the delivery of messages beyond its prescribed limits, is much too important to be considered and decided until it is necessary to do so. The question, under the Federal law, as to what is a reasonable rate in the case of public-service corporations engaged in interstate business, is generally one for the Interstate Commerce Commission to decide, at least in the first instance, but if it were otherwise the writer of this opinion, speaking solely for himself, does not see why the regulation of the defendant in respect to the forwarding of a message beyond its free-delivery limits, upon payment of a fair compensation for the extra service, is not a reasonable one, and valid in law. We have held that defendant has the right to establish such limits, if they are reasonable, and to be paid for any service done in delivering a message at a place situated beyond them.

It is suggested that the negligence alleged in this case was committed in this State, and for that reason, under *Penn's case,* 159 N. C., 309, the plaintiff is entitled to recover damages; but we decided otherwise in *Norris' case,* at this term, as the contract imposed upon the company the duty to "transmit and deliver," and, therefore, that "delivery" is a part of the interstate transaction and equally subject to Federal law, as is transmission. It was held in *Kirby v. W. U. Telegraph Co.,* 77 S. C.

(58 S. E., 10), that the word "deliver," as applied to a telegram, means "transmit and deliver," as a delivery could not be made without transmission, and so the latter is not effective without delivery.

No damages other than those for mental anguish, caused by delay in delivering this interstate message, being claimed, the judgment of the court was correct.

No error.