MARY J. BROWN v. LINVILLE RAILWAY COMPANY.

(Filed 5 December, 1917.)

1. **Railroads — Flag Stations — Failure to Stop Train — Actual Damages — Punitive Damages.**

   The failure of a freight train to stop upon signal at a flag station for passenger trains only will not render the railroad company liable in damages; and where such are allowable, punitive damages cannot be recovered unless the engineer willfully refused to stop upon being signaled, or failed to do so under circumstances showing gross negligence.

2. **Railroads—Flag Stations—Failure to Stop Train—Damages—Proximate Cause—Negligence.**

   The actual damages recoverable upon the negligent failure of a train to stop upon being signaled at a flag station must be those proximately caused by the defendant's negligence; and where the plaintiff has knowingly, on a dark night, returned along the railroad track and was injured by falling into a cattle-guard, which is often necessary to be maintained (Revisal, 2601), instead of taking a public road conveniently located, her falling into the cattle-guard will be attributable to her own negligence, and the defendant will not be held responsible for the resulting injury.

APPEAL by defendant from *Carter, J.,* at August Special Term, 1917, of AVERY.

The defendant maintained a flag station 200 or 300 yards from the town of Minneapolis, which was at the terminus of a switchback running from the main line at the flag station down to the town of Minneapolis, where defendant had a station and agent. The flag station was used only. for the purpose of allowing passengers to get off and on passenger trains.

The testimony of the plaintiff was that she had been on a visit to her sister at Minneapolis for two or three days prior to 24 November, 1916, on which date she proposed to return to her home at Cranberry, about 3 miles distant; that her husband walked from Cranberry to Minneapolis to assist her and her five children from the home of her sister to the flag station, arriving there about dusk. Soon after reaching the flag station her husband heard the train blow, placed himself on the track, and signaled the engineer by waving his handkerchief to stop. He does not know whether the engineer could see him or not, owing to the curvature of the track. The train not stopping, the plaintiff and her husband decided, instead of going back to her sister's or to the house of others who resided near the flag station, to walk the railroad track to Cranberry, though, according to the testimony of her husband, the public road from Minneapolis.to Cranberry was only 60 yards distant from the flag station, and he knew the road. There was evidence tending to show that this train was not a passenger train, but a rock train, and did not carry passengers.

Verdict and judgment for plaintiff. Appeal by defendant.

*J. W. Ragland, W. C. Newland, and S. J. Ervin for plaintiff.*
*Lowe & Love and Epps & Linney for defendant.*

CLARK, C. J. The court correctly instructed the jury that the plaintiff would not be entitled to recover, though her husband signaled the train, if it was not a passenger train; that if it was a passenger train, she could not recover, for its failure to stop, anything except actual damages, unless the engineer actually saw the signal or with reasonable care he ought to have seen it. *Williams v. R. R.,* 144 N. C., 498.

The court erred, however, in refusing to give the following prayer for instruction asked by the defendant: "If the jury shall find from the evidence that plaintiff was left at the flag station, as alleged, and she failed to exercise due care in returning to the home of her sister, or the house of another near the flag station for the night, or failed to exercise proper care in making her election to travel over a safer route, such as is used by those on foot, but negligently chose to walk between the rails and along defendant's railroad tracks in the dark, and fell into the cattle-

guard, and this was the proximate and intervening cause of the injury complained of, plaintiff would not be entitled to recover for any injury sustained on the railroad after she left the flag station, if they find from the evidence that she could have traveled over a safer route."

The court also erred in refusing the following prayer for instruction: "That there is no evidence that the railroad from the flag station in the direction of Cranberry was used as a passway, or that defendant had any notice that it was so used as a walkway, and if plaintiff attempted to use it as such, she was a trespasser, and defendant owed her no duty with respect to it, other than to refrain from willfully injuring her."

We have several decisions that where a passenger train fails to stop to take on passengers at a regular station, or at a flag station when duly signaled, the company is liable to actual damages when there is simple negligence, but to punitive damages if such conduct was willful or committed with such circumstances as to show gross negligence. *Purcell v. R. R.,* 108 N. C., 414. This case was overruled in *Hansley v. R. R.,* 115 N. C., 602, but the latter case was reversed and *Purcell v. R. R.* was reinstated on a rehearing in *Hansley v. R. R.,* 117 N. C., 565, and *Purcell v. R. R.* has been repeatedly cited since as authority. See annotations to that case, 108 N. C., at p. 424.

The subject is fully discussed in *Williams v. R. R.,* 144 N. C., 498, where it is held: "Compensatory damages may be recovered for failure of the engineer to stop a train at a passenger station when he should have stopped upon being signaled, he having failed to see signals by reason of negligence in not keeping a proper lookout"; and, further, that the plaintiffs "may recover punitive damages also if the engineer willfully refused to stop the train at such flag station." See, also, citations to that case in the Anno. Ed.

But it was not negligence as to the plaintiff that the defendant had cattle-guards across its track. Indeed, they are often necessary (Revisal, 2601; *Shepard v. R. R.,* 140 N. C., 391); nor was the defendant liable because the plaintiff, instead of traveling the country road, essayed to use the roadbed of the defendant for her own convenience to go home in the night-time and fell into the cattle-guard. These were not the natural or proximate consequences of the failure of defendant to stop its train at the flag station, but were the proximate consequences of the defendant's own conduct. She walked the defendant's roadbed in the night-time, with her children, when she should have taken the public road and have relied upon the damages due her by the defendant, if anything, by reason of its failure to stop. In *Le Beau v. R. R.,* 164 Wis., 30, it was held that where a railway company carried a woman passenger beyond her destination, and she voluntarily and needlessly walked back, instead of waiting for a returning train, the road was not liable for injuries sustained by

her from exposure on her walk back, the damages not being the proximate result of the road's breach of duty.

In *Garland v. R. R.*, 172 N. C., 638, the Court held: "Where a railroad company has negligently carried a female passenger a mile or two beyond her station, causing her to walk that distance to her home with a suitcase, because thereby her husband failed to meet her, damages sustained by her by reason of a storm coming up did not arise proximately from the carrier's tort and cannot be included as an element of damages."

In that case it is said: "If the cause is remote in efficiency and does not naturally result from the tort, it will not be considered as proximate. To be such, it must be 'a cause that produced the result in continuous sequence and without which it would not have occurred, and one from which any man of ordinary prudence could have foreseen that such a result was probable under all the facts as they existed.' *Ramsbottom v. R. R.*, 138 N. C., 38; *Brewster v. Elizabeth City*, 137 N. C., 392."

In permitting the jury to consider the damages sustained by the plaintiff in falling into the cattle guard and in refusing to give the prayers of instruction above set out, there was

Error.