## F. N. JOHNSON v. WESTERN UNION TELEGRAPH COMPANY.

(Filed 28 May, 1918.)

1. **Telegraphs—Interstate Messages—Mental Anguish—Federal Law—Federal Decisions.**

A recovery from a telegraph company on an interstate message for mental anguish alone is governed by the Federal decisions and statutes, and thereunder is not allowed.

**2. Same—Pleadings—Demurrer—Nominal Damages.**
> Where the complaint in an action alleges damages for mental anguish arising from the negligence of a telegraph company in transmitting or delivering an interstate message, and also payment for the message in controversy, the toll paid for the message is at least recoverable, and a demurrer is bad. In this case the element of damages upon allegations of physical suffering are not passed upon on appeal from judgment erroneously sustaining demurrer to complaint.

ACTION, tried before *Lane, J.,* at April Term, 1918, of MACON.

After the jury was impaneled and the complaint and answer read, the defendant moved for judgment upon the pleadings. The court rendered judgment dismissing the action. Plaintiff excepted and appealed.

*J. F. Ray, T. J. Johnston, and P. B. D'Orr for plaintiff.*
*Merrimon, Adams & Johnston for defendant.*

BROWN, J. The complaint alleges, in substance, that on 30 May, 1916, plaintiff, a resident of Franklin, N. C., was in the town of Kingsport, Tenn., at work temporarily as a carpenter; that his wife died, and his daughter on the morning of 30th May sent him a telegram to Kingsport notifying him that his wife died that morning; that the telegram was sent by defendant and reached Kingsport about 11 o'clock a. m. same day; that the defendant negligently failed to deliver said telegram after it reached Kingsport until after 6 p. m.

In consequence of this great delay in the delivery of the telegram, plaintiff avers he was unable to leave Kingsport on the regular passenger trains during the day, but had to leave on a freight train at midnight, and was so greatly delayed in reaching Franklin, N. C., that his wife's body was partially decomposed.

The plaintiff claims damages for the mental anguish suffered in consequence of the great delay and also of finding his wife's body in such condition.

As the telegram was an interstate telegram, the plaintiff cannot recover for the mental anguish. This subject is fully discussed by *Mr. Justice Walker* in *Norris v. Telegraph Co.,* 174 N. C., 94, where the authorities are cited. In that case it is said: "Following the Federal rule, we must hold that as this is an interstate message the plaintiff is not entitled to recover damages for mental anguish resulting from the defendant's negligence in not delivering the message in question." See, also, *Askew v. Tel. Co.,* 174 N. C., 261, and cases cited; *Western Union Tel. Co. v. Brown,* 234 U. S., 542; *James v. Tel. Co.,* 162 U. S., 650.

The plaintiff alleges that he suffered damages other than mental anguish. He avers that, as the proximate result of defendant's negligence, he was compelled to sit up at the station until past midnight and

take a freight train, which was without seating accommodations and unadapted to passenger service, in consequence of which plaintiff suffered great physical discomfort and injury.

Plaintiff further avers that in consequence of defendant's negligence he was compelled to walk from Dillsboro to Franklin at night over a rough mountain road, whereby his strength was completely exhausted—so much so that he became unconscious on the road.

It may be that under these various allegations of physical suffering the plaintiff may be able to offer proof of some injury the direct or proximate result of defendant's breach of duty. We will not undertake to pass on the matter until the evidence is in and the facts found.

It is evident that plaintiff is entitled to recover the 65 cents he paid for the telegram when delivered to him, together with costs of action, as defendant admits in its answer by tendering judgment for the same. Therefore, his Honor erred in dismissing the action.

We think the complaint states a cause of action, but as to what damage the plaintiff may be entitled to recover can best be determined when the evidence is in and the facts found.

We think the court erred in dismissing the action.

New trial.