F. N. JOHNSON v. WESTERN UNION TELEGRAPH COMPANY.

(Filed 3 January, 1919.)

Telegraphs—Commerce— Interstate Messages— Mental Anguish— Damages —Personal Injuries—Proximate Cause—Speculative Damages—Nominal Damages.

A recovery of damages for mental anguish alone may not be had on an interstate telegram announcing a death; and where a delay therein by the company has caused the sendee to miss a regular passenger train and he has obtained permission to ride on a caboose car of a freight, from which ride he has received personal injury, and also such injury from fatigue in walking from the nearest railroad station to his destination, upon the failure of being met by an automobile and his unwillingness to pay the price charged for hiring one, the failure to deliver the telegram in time is not the proximate cause of the physical injuries thus received, and they are also too speculative and remote, and nominal damages only are allowable.

APPEAL by defendant from *Ferguson, J.,* at Fall Term, 1918, of MACON.

This is an action to recover damages caused by the negligent delay in the transmission and delivery of an interstate message from Franklin, N. C., to Kingsport, Tenn., informing the plaintiff of the death of his wife. From the verdict and judgment the defendant appealed.

*J. Frank Ray, T. J. Johnston, and P. B. D'Orr for plaintiff.*
*Merrimon, Adams & Johnston and Tillett & Guthrie for defendant.*

CLARK, C. J. The complaint sets out three causes of action:

1. For mental anguish suffered by reason of the negligence of the defendant.

On the former appeal (175 N. C., 588) the Court held that this being an interstate message, recovery could not be had on that ground. The Court did not pass upon the other two grounds of action alleged.

2. There was delay in the proper transmission of the telegram, which prevented the plaintiff from leaving on the first passenger train which passed after the time at which the message should have been delivered. He secured permission to travel in the caboose of the freight train and had a rough ride, and there is evidence that he was injured by being jolted and thrown against the steel ladder in the caboose, bruising his knee and wrenching his side.

3. The third cause of action was that when the plaintiff reached Dillsboro, N. C., whence he had to travel by private conveyance to Franklin, N. C., the automobile charge was more than he was willing to pay. The conveyance which he had wired to Franklin to be sent not having arrived, the plaintiff set out to walk, and he put in evidence that he was seriously injured by the over-fatigue before the car which had been sent by his order met him.

Without going into the details of the injuries and sufferings endured by the plaintiff on the freight train and in attempting to walk from Dillsboro to Franklin, it is sufficient to say that in no sense can the delay in the delivery of the telegram be deemed a proximate cause of such injuries.

It is true that the ride on the freight train and the fatiguing walk occurred after the delay in the delivery of the telegram. If it had been delivered in proper time he might have been saved the trip by freight, though it does not appear that he would have avoided the walk, for there is no evidence that the automobile charges from Dillsboro would have been less if he had arrived by passenger train. But the syllogism *"post hoc, ergo propter hoc"* is not conclusive as to proximate cause.

The delay in the delivery of the telegram might have caused, and doubtless did cause, mental anguish to the plaintiff by preventing him from reaching home by the earliest conveyance. But that is out of this case, for the reasons given in our former opinion. But it did not cause the sufferings endured by the plaintiff in his trip on the freight train. It was his own volition that he chose that method of conveyance, which required a special application by him to the railroad authorities. He could have waited for the next passenger train. As to the physical injuries he sustained on the freight train, that is a matter for which he must look to the railroad company. The defendant could not have foreseen or contemplated that if the message was not delivered the plaintiff would seek transportation by freight, nor that he would be roughly handled on such trip. Still less could the defendant be responsible for the plaintiff undertaking to walk from Dillsboro to Franklin. He could have waited for the car which he had wired his daughter to send from Franklin, or he could have paid the price ($8 to $10) asked by the automobile owner to carry him to Franklin. There is no evidence that

the price of the automobile transportation would have been less if he had arrived on the passenger train. Still less could it have been in the contemplation of the defendant that if there was delay in the delivery of the message the defendant would set out to walk from Dillsboro, and that in doing so he would over-fatigue himself.

Both these grounds of alleged damage are too remote and speculative. It is a settled principle that the law looks to the immediate and not the remote cause of damage, the maxim being *"Causa proxima, sed non remota, spectatur."* The cause of the damage on the freight train was the negligence of the carrier either in the handling of its train or in the defective condition of its roadbed or equipment. The cause of the over-fatigue in attempting to walk out from Dillsboro was the mountainous road and the lack of physical strength in the plaintiff to endure the fatigue, and still more his own bad judgment in attempting to walk so long a distance.

These matters have been discussed recently in cases very similar to this. *Young v. Telegraph Co.,* 168 N. C., 36; *Garland v. R. R.,* 172 N. C., 638, and in *Brown v. R. R.,* 174 N. C., 694, in which the plaintiff was injured by the weather, or otherwise, in walking from the station to destination because of the delay in transportation; and *Chancey v. R. R.,* 174 N. C., 351, where the plaintiff sought to recover for robbery from his person while a passenger on a train, upon the ground that the car was overcrowded and not properly lighted. In these cases the Court held that there was not evidence of proximate cause to justify the submission of the issue of damages to the jury. The authorities and the reasoning in these cases are so full that it would be mere repetition and an affectation of learning to do more than to cite them. They are recent cases and exactly in point.

There having been negligence in the delivery of the message, the Court held, on the former appeal, that the plaintiff in any view was entitled to recover the 65 cents paid for the transmission of the message, and therefore set aside the nonsuit. We presume that this has been paid. If not, the plaintiff is entitled to judgment therefor in this action; but the court erred in refusing the defendant's prayer to instruct the jury to answer the issue: "Was the plaintiff injured by the negligence of the defendant, as alleged," in the negative.