### 9546. CHARLESTON & WESTERN CAROLINA RAILWAY COMPANY. *v.* HART.

LUKE, J. The evidence in this case does not show that the injury alleged to have been sustained by the plaintiff was more than mental anguish and physical pain unaccompanied by physical injury to the person. Her inconvenience and physical illness were not a natural or reasonable consequence of the defendant's alleged tort, nor could the defendant have anticipated that such a consequence would naturally or reasonably

11

flow therefrom. The court erred in overruling the defendant's motion for a new trial. See *Western Union Tel. Co.* v. *Knight*, 16 *Ga. App.* 203 (84 S. E. 986); *Goddard* v. *Waters*, 14 *Ga. App.* 722 (82 S. E. 304); *Southern Railway Co.* v. *Jackson*, 146 *Ga.* 243 (2) (91 S. E. 28), and cases cited.

*Judgment reversed.  Wade, C. J., and Jenkins, J., concur.*

Decided January 14, 1919.

Action for damages; from city court of Richmond county—Judge Black.  February 7, 1918.

Mrs. Hart obtained a verdict for $200 in an action against the railway company for damages on account of alleged negligence of the conductor of a train on which she was a passenger, to whom she gave her ticket for transportation to Parksville, telling him that she was going to that place, and who (according to her testimony), on being asked by her at a certain station at which she had started to leave the train, "Is this the town?" replied, "This is the place;" thus causing her to leave the train at that station, when Parksville was eight miles beyond that point. She testified that she had an appointment at Parksville on that day to collect certain accounts for her employer, and, after leaving the train, had to hire a buggy, at an expense of $4, to take her to Parksville, in order to keep her appointment. In her petition it is alleged, that on account of her exposure to rain and sleet on her trip in the buggy "her health has been seriously and permanently damaged, and that her nervous system has been seriously and permanently impaired; . . . her throat and lungs have been seriously and permanently impaired; that she suffered great pain immediately after said exposure, and continues to suffer pain from the same;" and that she was put to an expense of $38 for medical treatment, and $15 for medicine. Her damages were laid at $1,950.

The trial judge excluded the plaintiff's testimony as to injury from cold, neuralgia, and throat trouble, resulting from exposure on her trip in the buggy, but allowed her to testify, as to her feelings and condition after the train had gone and she had discovered that she was not at Parksville, but was in the depot at Clark's Hill: "I felt very much disconcerted, of course, at my condition. I was shocked and distressed by my plight. I was very nervous, of course. I felt that I had to get away, because my position depended upon making these collections." (In answer to the question: "What effect, if any, did the distress and shock that you have testified to have received when you discovered your plight have upon

your nervous system?") "I suffered a severe breakdown, from which I have never recovered. . . It has been permanent. . . Just a little bit of excitement tears me to pieces, is all I can tell you. A little excitement makes me hysterical. . That is continuous." (In answer to the question: "Has it had any effect on your heart or otherwise?") "Yes. I suffered heart trouble from which I still suffer. . . I suffered with my nerves, severe nervous trouble,—getting off the train, being put off the train and alighting at the wrong station, through mistake." A physician testified, in behalf of the defendant, that he did not know "any way by which simply a mental disturbance, . . from getting off the train at the wrong station, could produce any physical disability of any sort. . . You don't get physical diseases from an ordinary nervous shock or disappointment."

In the motion for a new trial it is alleged that the verdict was contrary to law and the evidence, and was excessive; that the court erred in admitting the plaintiff's testimony as to her nervous condition and her "heart trouble," over the objections of the defendant; and that the court erred in certain instructions to the jury.

*William K. Miller,* for plaintiff in error.

*John J. Jones, Oswell R. Eve,* contra.