18766.   WADE *v.* GEORGIA MOTOR SALES INC.

STEPHENS, J.   1. A mere breach of warranty of a contract of sale of personal property does not, when the contract is executed, authorize a rescission of the contract by the purchaser.   Civil Code (1910), § 4136. *Hutchinson Lumber Co.* v. *Dickerson,* 127 *Ga.* 328 (3) (56 S. E. 491).

2. Where an automobile had been purchased under a contract by which the seller retained "title to and ownership" of the property until payment of the purchase-money, and which provided that, in the event of failure to pay the purchase-money in accordance with the terms of the contract, the seller was authorized to take possession of the property and sell it and apply the proceeds to the unpaid purchase-money, the petition, in a suit by the purchaser against the seller to recover an amount paid on - the purchase-price, in which it was alleged that the plaintiff "surrendered the car into the possession of defendant," and that the "defendant accepted possession of the car as its own and exercised acts of ownership over it," alleged an act by the defendant within the defendant's right to perform under the contract, and therefore not conduct by the defendant

which authorized an inference that, by the acceptance of the automobile by the defendant after its surrender by the plaintiff, there arose an agreement to rescind the contract of sale.

3. Where, in a suit for a breach of warranty in the contract for the sale of an automobile, the petition alleged that the automobile "proved wholly worthless for the use intended, in that the engine was constantly getting out of order, developed a noise, was unable to properly pull, ran hot, did not take the gas properly, and the piston, or something in the engine, blew out," and that the automobile was entirely worthless for the use intended, the petition in this respect was subject to special demurrer, as being vague, indefinite, and uncertain, and not sufficiently specific as to the nature of the alleged defects which rendered the automobile worthless for the use intended.

4. In a suit by the purchaser of an automobile against the seller for an alleged breach of warranty whereby the automobile was rendered totally worthless to the plaintiff, where it was alleged that the plaintiff was damaged in deprivation of, and inconvenience in, the use of the automobile, in the sum of $100, but where the period of time during which the plaintiff was deprived of the use of the automobile was not alleged, and where it was not alleged more specifically wherein the plaintiff suffered inconvenience in the use of the automobile, the petition was for this reason subject to special demurrer.

5. The agreed value of personalty transferred by the purchaser to the seller in part payment of the purchase-money is not legally recoverable by the purchaser as damages for a breach of warranty in a contract of sale. In a suit by the purchaser of the automobile against the seller for an alleged breach of warranty of a contract of sale, where the petition alleged, as the basis of the breach, that "the valve spring broke", and specifically alleged the plaintiff's damages as being the agreed value of another automobile, taken by the seller from the purchaser in part payment of the purchase-money, and also damage in an amount representing a loss to the purchaser for time arising out of the privation of the use to him of the automobile and for inconvenience to him in its use, the petition, in so far as it sought to recover, as damages for the alleged breach of warranty, the agreed value of the automobile taken in part payment of the purchase-price, alleged a measure of damages that was not recoverable; and where the petition did not allege the plaintiff's damages otherwise than in a sum representing a loss to the purchaser for time arising out of deprivation of the use to him of the automobile and for inconvenience to him in its use, which allegation was stricken from the petition on special demurrer, the petition, in so far as it sought to recover for a breach of warranty by virtue of the breaking of the valve-spring, failed to set out a cause of action, and was subject to general demurrer. *Truitt* v. *Rust-Shelburne Sales Co.*, 25 *Ga. App.* 62 (102 S. E. 645); *Haber-Blum-Bloch Co.* v. *So. Bell Telephone Co.*, 118 *Ga.* 874 (45 S. E. 696); *Wright* v. *Smith*, 128 *Ga.* 432 (57 S. E. 684); *Christophulos Cafe Co.* v. *Phillips*, 4 *Ga. App.* 819 (62 S. E. 562).

6. Whether the petition in a suit brought by the purchaser against the seller is construed as a suit based upon a breach of warranty by the seller, or as a suit based upon a rescission of the contract arising either by an agreement between the parties or by conduct of the defendant au-

thorizing a rescission by the plaintiff, the petition was subject to the general and special demurrer interposed, and the court did not err in sustaining the demurrer.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED OCTOBER 11, 1928.

*Fleming & Fleming,* for plaintiff.
*Hamilton Phinizy,* for defendant.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*