18822. WESTERN UNION TELEGRAPH CO. *v.* MURROW.

STEPHENS, J. 1. Where a telegraph company fails to transmit to the point of destination a telegraphic message announcing to the person to whom it is addressed the contemplated arrival, by a designated train at that point, of the sender of the message, and where, by reason of the failure of the telegraph company to transmit the message, no arrangements are made by the sendee to meet the train at the station and convey the sender to the home of the sendee, and where the sender, after learning, when en route by train to the station to which the message was addressed, that the message has not been received at that station, and, assuming that he will not be met there by the sendee of the message, leaves the train immediately and before its arrival at the station to which the message was addressed, and undertakes to travel by buggy to the home of the sendee of the message, which is about eight miles distant from the point of the sender's disembarkation from the train, and the sender, while making the trip in the buggy, becomes cold, chilled, and wet, and contracts a severe cold as a result of unfavorable weather conditions, and by reason thereof suffers physical pain and inconvenience, and is unable to work for more than a month; and, had the telegraphic message been delivered at the point of destination, it would have been

received by the sendee, who would have had the sender met with wraps, etc., sufficient to have protected him against inconvenience or sickness resulting from the weather, the injuries thus sustained are not the proximate result of the failure of the telegraph company to transmit the message, and are too remote for the recovery of damages therefor against the telegraph company for failure to transmit the message. *Western Union Telegraph Co.* v. *Manson,* 21 *Ga. App.* 737 (94 S. E. 1033); *Charleston & Western Carolina Ry. Co.* v. *Hart,* 23 *Ga. App.* 161 (97 S. E. 866); Young v. Western Union Telegraph Co., 168 N. C. 36 (84 S. E. 45); Johnson v. Western Union Telegraph Co., 177 N. C. 31 (97 S. E. 757); Ross v. Western Union Telegraph Co., 81 Fed. 676. The ruling here made is clearly distinguishable from the rulings in *Western Union Telegraph Co.* v. *Ford,* 8 *Ga. App.* 514 (70 S. E. 65), and *Glawson* v. *Southern Bell Tel. & Tel. Co.,* 9 *Ga. App.* 450 (71 S. E. 747), which seem to have been subsequently disapproved by the Supreme Court in *Southern Bell Telephone & Telegraph Co.* v. *Reynolds,* 139 *Ga.* 385 (77 S. E. 388).

2. In a suit by the sender of the message, against the telegraph company, where in the petition the plaintiff seeks to recover compensation only for damages sustained as indicated above and which are not legally recoverable, the petition fails to set out a cause of action, and the court erred in not sustaining the demurrer thereto. See, in this connection, *Wright* v. *Smith,* 128 *Ga.* 432 (57 S. E. 684); *Sparks Milling Co.* v. *Western Union Telegraph Co.,* 9 *Ga. App.* 728 (72 S. E. 179); *Truitt* v. *Rust & Shelburne Sales Co.,* 25 *Ga. App.* 62 (102 S. E. 645). The subsequent proceedings, resulting in a verdict and judgment for the plaintiff in a sum representing a recovery for damages sustained as indicated above, were nugatory.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED JANUARY 22, 1929.

*William L. Clay,* for plaintiff in error.
*Sheppard & Dukes,* contra.