## BROUGHTON *vs.* WINN.

1. A declaration to the effect that defendant had received and converted plaintiff's cotton, knowing it to have been stolen; that criminal prosecution had been commenced previous to bringing the civil suit, and that the same was brought within the statute after discovery of the fraud, should have been upheld as sufficient in law, and the court was right not to dismiss it on demurrer

2. Where inquiry was made of defendant touching the cotton when the plaintiff first missed it, and defendant evaded the inquiry by referring to his clerk, it was not error to charge section 2635 of the Code upon that point, as the principle there stated applies.

3. Whether the case was one in which vindictive or punitory damages could be legally assessed or not, is immaterial, as the evidence, without such damages is sufficient to uphold the verdict.

4. The indictment against the thieves and the receiver of the stolen goods, was admissible to show that plaintiff had prosecuted the parties for the felony, under section 2970 of the Code, before suing on the civil side of the court.

5. Under the ruling in 46 *Ga.*, 298, the confessions of one of the principal thieves was admissible to prove his own guilt; but if not, the evidence is abundant to sustain the verdict.

5. The verdict is in accordance with the law, and supported by the evidence.

Pleadings. Statute of limitations. Fraud. Evidence. Confessions. New trial. Before Judge TOMPKINS. Liberty Superior Court. October Term, 1877.

Reported in the opinion.

R. E. LESTER; J. W. FARMER; JOHN L. HARDEE, for plaintiff in error.

P. W. MELDRIM, for defendant.

JACKSON, Judge.

This action was brought to recover damages for the wrongful receiving and converting five hundred pounds of lint sea-island cotton. The jury found a verdict for five hundred dollars, the defendant made a motion for a new trial, the judge overruled it, and the defendant excepted.

The declaration alleged that in 1866, two negroes stole the cotton from plaintiff's gin-house; that defendant knew it; that he bought the cotton from them in exchange for goods at his store, and converted the cotton fraudulently and corruptly; and that the facts were fraudulently concealed from plaintiff by defendant until just before the action was brought, in 1877, and that prosecution had been commenced against the defendant on the criminal side of the court.

The defendant pleaded not guilty and the statute of limitations.

1. The first ground of error is, that the court erred in refusing to dismiss the suit. We do not see why. If the allegations are true, the plaintiff ought certainly to recover something.

2. The next error alleged is that the court erred in giving in charge section 2635 of the Code. That section is in these words, so far as applicable here: " Concealment of

material facts may, in itself, amount to a fraud : 1. When direct inquiry is made and the truth evaded."

The fact proven was that the plaintiff went to the store of defendant on the very morning the cotton was missed, and made inquiry about it, and that defendant evaded by referring to a clerk, though the thieves were then on the premises, and had gone out the back-door of the store as the plaintiff entered the front.   The point is, was defendant's conduct fraudulent so as to enable the plaintiff to take his case out of the statute of limitations under the Code, section 2931.   The plaintiff did not discover the fact that the defendant was then evading and fooling him until just before he sued.   Section 2931 is to the effect that if defendant has been guilty of a fraud by which plaintiff was debarred or deterred from bringing his suit, the period of limitation shall run only from the time the fraud was discovered.

We see no error in the charge of which defendant can complain.   The very conduct of the defendant shows concealment and fraud, and 12 *Ga.*, 371, covers the case.   The section charged has application to private sales, and not to the statute of limitations directly, but still the principle applies.

3. The third ground is that the court erred in charging sections 3065 and 3066 of the Code, which are in respect to aggravating circumstances entitling the plaintiff to addi- tional damages.   Perhaps the charge was erroneous, but it is very doubtful that it was.   The section 3066 reads that in *every tort* there may be aggravating circumstances, either in the act or the intention, which will authorize additional damages, either to deter the wrong-doer from repeating the trespass, or as compensation for the wounded feelings of the plaintiff.

The court excluded the latter clause about wounded feelings, but charged the rest.   I think it about right.   It was a tort, a great wrong to plaintiff, the circumstances were aggravating in that his own laborers and servants were

encouraged to pilfer from the plaintiff by the defendant's concealing the stolen goods and trading for them, and this wrong-doer ought to be deterred from so tresspassing again. If the action were trover, pure and simple, the measure of damages is fixed by statute at the value of the cotton with interest, but if a sort of action for deceit, for receiving and using another's cotton corruptly, knowing it to have been stolen, in such a case the damages may well be vindictive; at least it strikes me so. However that may be, in the view we take of the case it makes no difference. The plaintiff had five hundred pounds of cotton stolen, its value was proven by witnesses to be from fifty-five to seventy-five cents per pound—strike a medium for the true value, sixty-five cents—and the principal and interest will cover the sum found and exceed it. It is true that only fifty pounds was positively proved in defendant's possession at one time, but there is proof that at other times he got more, and the jury might well conclude that he got all.

4. It was necessary to show the prosecution of the offenders before the civil suit was brought. Code, §2970. Therefore the indictment against the two thieves and the defendant was properly admitted in evidence.

5. The confessions of the negro, though made after the theft, were probably admissible under 46 *Ga.*, 298; if not, the evidence is sufficient to uphold the verdict without their aid.

6. The verdict is sustained by law and evidence, and is contrary to neither.

Judgment affirmed.