GEORGIA RAILWAY AND ELECTRIC COMPANY *v.* BAKER.

SIMMONS, C. J. This case is controlled by *Cole* v. *Railroad Co.*, 102 *Ga.* 474, *Savannah, F. & W. Ry. Co.* v. *Quo*, 103 *Ga.* 125, and *Mabry* v. *Railway Co.*, 116 *Ga.* 624. See also 4 Elliott on Railroads, § 1638 ; 6 Cyc. 602 ; 5 A. & E. Enc. Law (2d ed) 550.    *Judgment affirmed.    All the Justices concur.*

Argued July 4,—Decided August 12, 1904.

Action for damages.    Before Judge Reid.    City court of Atlanta.    November 7, 1903.

The petition alleges : The plaintiff's wife entered a car of the defendant company, and, being very weak and sick, and the car having started before she could get inside, she had to take a seat in the rear end of it. The conductor commanded her to move up to the front. She explained to him that she was sick and weak and unable to move, and told him that as soon as she was able to do so she would move. He continued to command her, in a very uncivil manner, to move, telling her that if she did not move he would put her off and call an officer to arrest her; and he went to the rear platform of the car and began a conversation with men who were standing there, telling them that if she did not move he would pitch her out of the window, and "making all manner of ungentlemanly remarks" about her and in her hearing. He continued to harass and annoy her until she had gotten off the car. These acts of the conductor were done maliciously, and with the intention of annoying and humiliating her. He knew that she was weak and nervous and unable

to move. As a result of these acts she was thrown into a very nervous state and was caused a spell of sickness. As a result of these acts and of her consequent sickness, the plaintiff has been and will be compelled to expend $100 for medical treatment and medicine for her. Before the time of the sickness brought on by these acts, she was able to do and did all her household work, which was worth to the plaintiff $30 per month, but since that time and by reason of said sickness she has been unable to do any work, and will for a long time be unable to do any work. The plaintiff sues for $500, actual and punitive damages. A general demurrer to the petition was overruled, and the defendant excepted.

*Rosser & Brandon, Walter T. Colquitt,* and *Ben. J. Conyers,* for plaintiff in error, cited Civil Code, §§ 2270, 3837, 3912; 102 *Ga.* 474, 478; 110 *Ga.* 337; 116 *Ga.* 655; 88 *Ga.* 763; 111 *Ga.* 824; 17 N. Y. 54 (72 Am. D. 420); 17 N. Y. 442; 5 Hurlst. & Norm. 534; 175 Ill. 401 (42 L. R. A. 199); 151 N. Y. 107 (56 Am. St. R. 604, 34 L. R. A. 781); 147 Pa. St. 40 (14 L. R. A. 666); 71 Me. 277 (36 Am. R. 306).

*Burton Smith, George Gordon,* and *J. A. Branch,* contra, cited 102 *Ga.* 474.