5309.   SOUTHERN RAILWAY COMPANY *v.* HUCKABA.

RUSSELL, C. J.  1. The action invoked a recovery for a tort in a breach of duty arising from a contract of carriage, and alleged pain and suffering, both physical and mental, as the result of the use of insulting language by the carrier's conductor and the carrying of the plaintiff, who was quite sick, beyond the destination stipulated in his contract. According to the decision of this court in *Southern Railway Co.* v. *Flanigan,* 10 *Ga. App.* 745 (74 S. E. 85), "Where a common carrier sells to a person a ticket between two points on its line of road, and the ticket

contains no express restriction as to the train or trains on which it will be accepted for passage, the holder has the right to assume, in the absence of any information, actual or constructive, to the contrary, that he may ride on the ticket to his destination as indicated by the ticket, on any train of the company carrying passengers to that point."

2. It is the duty of a railroad company to protect a passenger against insult from the conductor of the train on which the passenger is riding; and this being so, the unprovoked use, by the conductor to the passenger, of opprobrious words and abusive language, tending to cause a breach of the peace, or of such language as tends to humiliate the passenger and subject him to mortification, gives the passenger a right of action against the company. *Cole* v. *Atlanta & West Point R. Co.*, 102 Ga. 474 (31 S. E. 107); *Georgia Ry. & El. Co.* v. *Baker*, 120 Ga. 991 (48 S. E. 355); *Wolfe* v. *Georgia Ry. & El. Co.*, 124 Ga. 696 (53 S. E. 239); *Southern Railway Co.* v. *Chambers*, 126 Ga. 409 (55 S. E. 37, 7 L. R. A. (N. S.) 926); *Savannah Electric Co.* v. *McCants*, 130 Ga. 744 (61 S. E. 713).

3. If the passenger was sick he was entitled to recover also damages for any physical suffering which, as a necessary result of his condition as a sick man, was traceable to the negligent act of carrying him beyond his station.

4. The testimony as to the plaintiff's conduct subsequently to the time he left the train was perhaps pertinent because it tended to illustrate his physical condition at the time of the breach of the contract; but, without regard to this, the evidence was not subject to the objection made. Under the testimony the plaintiff had the right to go to his home, and was not required to remain in Rockmart, at a hotel or elsewhere.

5. The court having fully instructed the jury that the plaintiff did not ask for damages upon the ground that his sickness was caused by the defendant's negligence, but only sought damages for an injury which aggravated the pain he was already suffering from his illness, it was not error, at least in the absence of a request, to omit to charge that where, by a breach of contract, or negligence, one is injured, he is bound to lessen the damages as far as is practicable, by the use of ordinary care or diligence.

6. The charge of the court upon the subject of punitive damages is not subject to criticism; nor was it error for the court to instruct the jury as to damages which might be recovered by the plaintiff for disrespectful or abusive treatment in connection with the plaintiff's claim for damages dependent upon the carrier's tort in carrying him beyond his station.

7. Under the ruling of this court in *Atlantic Coast Line R. Co.* v. *Stephens,* ante, 173 (80 S. E. 516), the trial judge did not err in his instructions as to nominal damages which might be recovered by the plaintiff; but in no event was an instruction upon this subject material, for the verdict returned is authorized as a recovery of punitive damages, and it is apparent that it was not returned as a verdict for nominal damages.

8. The trial was free from error, and there was evidence to authorize the verdict. The trial judge did not err in refusing a new trial.

*Judgment affirmed.*

DECIDED JANUARY 27, 1914.

Action for damages; from city court of Polk county—Judge Irwin. October 7, 1913.

*Maddox, McCamy & Shumate, John L. Tison, Bunn & Trawick,* for plaintiff in error.

*I. F. & W. W. Mundy,* contra.