### 15482. PETTETT v. THOMPSON.

JENKINS, P. J. 1. In the absence of an allegation charging wilful and wanton negligence, no recovery can be had in this State on account of mere fright, nervous shock, or mental suffering; but even for mere negligence, if the fright, shock, or mental suffering results naturally in mental or physical impairment, that is to say, if the knowledge of the defendant was or should have been such that the resulting injury could under the circumstances have been reasonably foreseen and anticipated as the direct, natural, and probable consequence of his act, a recovery against him may be had, and in such a case the original fright, shock, or mental suffering can also be considered as an element of damage. *Chapman* v. *Western Union Tel. Co.*, 88 *Ga.* 763 (15 S. E. 901, 17 L. R. A. 430, 30 Am. St. Rep. 183); *Goddard* v. *Watters*, 14 *Ga. App.* 722 (82 S. E. 304); *Charleston & Western Carolina Ry. Co.* v. *Hart*, 23 *Ga. App.* 161 (97 S. E. 866).

2. In this case, for the reason that no wilful or wanton negligent act directed against the plaintiff is alleged, the recovery sought is not and could not be for mere fright, shock, or mental suffering; and for the same reason the plaintiff would be limited in her recovery to such mental or physical impairment as the knowledge which the defendant had or is legally chargeable with having would have caused him to reasonably foresee and anticipate as the direct, natural, and probable consequence of his alleged acts and conduct. *Hines* v. *Evans*, 25 *Ga. App.* 829, 835 (105 S. E. 59). While the petition states that the miscarriage and its attendant ill effects were "directly traceable to the injury caused by the actions and threats" alleged to have been directed by the defendant against plaintiff's husband in her presence, the petition in no way shows that these were or should have been anticipated by the defendant as the natural, reasonable, and probable consequences of his alleged acts and conduct. It is not alleged that the defendant knew or should have known of the plaintiff's state of pregnancy at the time of the alleged tort, and in this respect, as well as in the very much milder allegations of alleged negligence, the instant case is much weaker than the case of *Goddard* v. *Watters*, supra, in which the sustaining of the defendant's demurrer was upheld.

*Judgment affirmed. Bell, J., concurs. Stephens, J., concurs specially.*

DECIDED DECEMBER 15, 1924.

Action for damages; from Gordon superior court—Judge Tarver. January 2, 1924.

*Y. A. Henderson, J. G. B. Erwin,* for plaintiff.
*Morris, Hawkins & Wallace,* for defendant.