Decided May 20, 1929.

19269. YOUNG *v.* WESTERN & ATLANTIC RAILROAD.

Decided May 18, 1929.

*M. B. Eubanks, Porter & Mebane,* for plaintiff.
*Maddox, Maddox & Mitchell,* for defendant.

BELL, J. (After stating the foregoing facts.) The allegations of the petition were sufficient to show that the alleged agent of the defendant railway company was acting within the scope of his authority and in the prosecution of the defendant's business, and thus that the defendant would be responsible for any damages sustained by the plaintiff as a result of his acts. Civil Code (1910), § 4413; *Furney* v. *Tower,* 34 *Ga. App.* 739 (131 S. E. 177). This is not a case of a mere negligent tort, and the rule that no recovery can be had for mere shock or fright caused by negligence only (*Chapman* v. *Western Union Telegraph Co.,* 88 *Ga.* 763, 15 S. E. 901, 17 L. R. A. 430, 30 Am. St. R. 183) is inapplicable in determining whether the petition sets forth a cause of action; nor is it necessary to determine whether the petition alleges such physical injury and such facts as to the cause thereof as would make it proper to consider the plaintiff's shock or fright as an element of damage, should the petition be construed as an action for mere negligence. The petition alleged that on the night

of the occurrence the plaintiff was at home with her husband and was in bed asleep when the house was suddenly and violently entered by the defendant's agent for the purpose of searching for certain property alleged to have been taken from the defendant's possession; that such agent had no warrant to search the premises, nor to arrest any person in the home of the plaintiff at that time, and that his entry was without lawful warrant or authority, and therefore was illegal and constituted a trespass against petitioner. It was further alleged that after entering the plaintiff's bedroom the defendant's agent committed certain other wrongful acts, such as turning a flashlight upon the plaintiff and pointing a pistol toward the bed, and dragging her husband from the bed and out of the house, without explanation, and that in consequence the plaintiff was severely frightened and terrified, and that as a result of such nervous shock she suffered physical pain and illness.

The constitution of Georgia provides that the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated. Civil Code (1910), § 6372. According to the averments, the defendant's agent committed a trespass upon the home in which the plaintiff resided with her husband, and whether the cause of action for the unlawful search of and trespass upon the home was vested in the husband, the wrongful acts complained of nevertheless included a violation of the plaintiff's right of privacy and of personal security, and constituted a positive, wilful tort against her. *Newcomb Hotel Co.* v. *Corbett,* 27 *Ga. App.* 365 (108 S. E. 309); *Byfield* v. *Candler,* 33 *Ga. App.* 275 (7) (125 S. E. 905); *Potter* v. *Swindle,* 77 *Ga.* 419 (3 S. E. 94); *Pavesich* v. *New Eng. L. Ins. Co.,* 122 *Ga.* 190 (50 S. E. 68). In *Mabry* v. *City Electric Ry. Co.,* 116 *Ga.* 624 (42 S. E. 1025), it was held that a railroad company is liable in damages for injuries to the feelings and sensibilities of a passenger caused by his wrongful expulsion from one of its cars, although he may not have received any physical injury thereby. See also *Cole* v. *Atlanta & West Point R. Co.,* 102 *Ga.* 474 (31 S. E. 107). In *Dunn* v. *Western Union Telegraph Co.,* 2 *Ga. App.* 845 (3) (59 S. E. 189), it was said that "While mental suffering, unaccompanied by injury to purse or person, affords no basis for any action predicated upon wrongful acts merely negligent, yet such

damages may be recovered in those cases where the plaintiff has suffered at the hands of the defendant a wanton, voluntary, or intentional wrong the natural result of which is the causation of mental suffering and wounded feelings." In the instant case, if the allegations be true, they undoubtedly show a wanton, voluntary, and intentional wrong by the defendant's agent. In *Goddard* v. *Watters,* 14 *Ga. App.* 722 (2) (82 S. E. 304), this court recognized the rule that damages may be recovered for mere nervous shock or fright and for physical injuries resulting therefrom where the act causing such shock or fright was committed by the defendant deliberately, maliciously, or wantonly, through an utter disregard of consequences. See, to the same effect, *Hines* v. *Evans,* 25 *Ga. App.* 829 (105 S. E. 59); *Pettett* v. *Thompson,* 33 *Ga. App.* 240 (125 S. E. 779). The *Chapman* case, supra, clearly differentiates such cases as involve an infringement of personal security or personal liberty, and other like wrongs which are essentially wilful, from those cases where the cause of action is grounded upon some act or omission amounting to a mere negligent dereliction. In that case it was said that in an action for false imprisonment or for malicious arrest and prosecution, mental anguish has been held a proper subject for compensatory damages. In our opinion the present case should be given a like classification. *Georgia Ry. & Electric Co.* v. *Baker,* 120 *Ga.* 991 (48 S. E. 355); *Copeland* v. *Dunehoo,* 36 *Ga. App.* 817 (2) (138 S. E. 267).

Furthermore, the petition unquestionably sets forth a cause of action for the recovery of nominal as well as punitive damages, and in either view it was error to sustain the general demurrer. *Seaboard Air-Line Ry.* v. *O'Quin,* 124 *Ga.* 357, (52 S. E. 427, 2 L. R. A. (N. S.) 472); *Sappington* v. *Atlanta & West Point R. Co.,* 127 *Ga.* 178 (3) (56 S. E. 311); *Williamson* v. *Central &c. Ry. Co.,* 127 *Ga.* 125 (4) (56 S. E. 119); *City of Greensboro* v. *McGibbony,* 93 *Ga.* 672 (2) (20 S. E. 37); *Broughton* v. *Winn,* 60 *Ga.* 486 (3); *Georgia Ry. & Power Co.* v. *Turner,* 33 *Ga. App.* 101 (5) (125 S. E. 598); *Jeter* v. *Davis,* 33 *Ga. App.* 733 (3) (127 S. E. 898).

For the wrongs alleged to have been committed the plaintiff claimed to be entitled to recover generally in a specified amount. In order to recover punitive damages it is not necessary that they should be claimed eo nomine. *Macon Ry. & Light Co.* v. *Mason,*

123 *Ga.* 773 (2) (51 S. E. 569). Whether the present case may be distinguished from *Logan* v. *Gossett,* 37 *Ga. App.* 516 (140 S. E. 794), we think the conclusions reached herein are required by the decisions of the Supreme Court. Our rulings in this case are not inconsistent with the provisions of section 3603 of the Civil Code, to the effect that the principal is not liable for the wilful trespass of his agent unless done by his command or assented to by him, when that section is construed (as it must be) in harmony with section 4413. *Western & Atlantic R.* v. *Turner,* 72 *Ga.* 292 (2) (53 Am. R. 842); *Southern Ry. Co.* v. *James,* 118 *Ga.* 340 (45 S. E. 303, 63 L. R. A. 257); *Mason* v. *Nashville &c. Ry. Co.,* 135 *Ga.* 741 (4), 754 (70 S. E. 225, 33 L. R. A. (N. S.) 280); *Toole Furniture Co.* v. *Ellis,* 5 *Ga. App.* 271, 275 (63 S. E. 55). The court erred in sustaining the demurrer and dismissing the petition.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*