26322. INTERSTATE LIFE & ACCIDENT CO. *v.* BREWER.

DECIDED OCTOBER 29, 1937.

*Maddox, Matthews & Owens,* for plaintiff in error.

*Maddox & Griffin,* contra.

SUTTON, J. █ The court did not err in overruling the general demurrer. No particular exposition is needed to show that the petition alleged a wilful, wanton, and malicious tort resulting in pain and suffering upon the plaintiff. Under such circumstances recovery may be had. *Dunn* v. *Western Union Telegraph Co.,* 2 *Ga. App.* 845 (3) (59 S. E. 189); *Hines* v. *Evans,* 25 *Ga. App.* 829 (105 S. E. 59); *Young* v. *Western & Atlantic Railroad,* 39 *Ga. App.* 761, 766 (148 S. E. 414); *Atlanta Hub Co.* v. *Jones,* 47 *Ga. App.* 778, 780 (171 S. E. 470); *Stephens* v. *Waits,* 53 *Ga. App.* 44 (184 S. E. 781). If we are to believe the facts alleged in the petition and admitted by the general demurrer, the defendant's agent, on business for the company and with knowledge of her physical condition, entered the plaintiff's sickroom, and, in complete indifference to her repeated remonstrance, persisted in forcing upon her a matter of business with such rudeness and conscious disregard of her welfare that she suffered a heart attack, fainting spell, and aggravation of her physical condition. That the agent well knew the seriousness of her illness, and that to annoy her might bring about a graver condition, is well illustrated by his statement, made soon after his entrance, "I believe you have got heart trouble." And, as if not

content with his misconduct, it is alleged, he finally, upon her refusal to accept a proffered sum, threw the amount in silver coins at her, and one of the coins struck her person. In consequences of the acts and statements of the defendant's agent she then experienced, has experienced, and will continue to experience mental pain and suffering.

But if it could be said that the allegations do not show a wilful tort, the petition nevertheless sets out a cause of action, because in addition to the pain and suffering of the plaintiff she also sustained a physical injury. As was said in *Atlanta Hub Co.* v. *Jones,* supra, "even in the absence of wilfulness or wantonness, the mere wrongful act of the agent will authorize a recovery where the resulting fright, shock, or mental suffering is attended with actual immediate physical injury, or where from the nature of the fright or mental suffering there naturally follows, as a direct consequence, physical or mental impairment; and in either of such events the fright or mental suffering can itself be considered, together with the accompanying physical injury or such resulting physical or mental impairment, as an element of damage. *Williamson* v. *Central of Georgia Ry. Co.,* 127 *Ga.* 125 (56 S. E. 119)." It is contended by the plaintiff in error that the allegations show merely a recurrence of a heart attack to which the nature of the plaintiff's disease made her subject. The petition, we think, alleges that the particular heart attack resulted solely from the conduct of the agent. It does not follow that without the interference of the agent the plaintiff would have experienced a heart attack at the time in question; that its occurrence was a sort of coincidence detached from any act of the agent. Granted that the plaintiff was, from the nature of her disease, subject to heart attacks from time to time, she was nevertheless entitled in law to be free from any outside influence. The allegations here clearly show an aggravation. "Wrongfully to cause, aggravate, or protract illness is an injury to health." *Bray* v. *Latham,* 81 *Ga.* 640 (2) (8 S. E. 64). But the plaintiff is not left to depend on the heart attack as the element of physical injury. The mere striking of the silver coin against her body amounted in law to a physical injury. "Any unlawful touching of a person's body, although no actual physical hurt may ensue therefrom, yet, since it violates a personal right, constitutes a physical injury to

that person. See, in this connection, Civil Code (1910), § 4423 [Code, of 1933, § 105-602]; *Goodrum* v. *State,* 60 *Ga.* 509. The unlawful touching need not be direct, but may be indirect, as by the precipitation upon the body of a person of any material substance." *Christy Brothers Circus* v. *Turnage,* 38 *Ga. App.* 581 (2) (144 S. E. 680). However slight the injury occasioned by the impact of the coin, it was nevertheless such a physical injury as would, with pain and suffering, make out a case for the assessment of damages even in a case of mere negligence. The physical injury may in some cases be merely the necessary concomitant of mental pain and suffering, the latter being the main element of damage. *Goddard* v. *Walters,* 14 *Ga. App.* 722 (82 S. E. 304), and other like cases cited by the plaintiff in error, are distinguishable on their facts from the present case.

Nor is there any merit in the special demurrer that the allegations of the petition as to the acts of the agent being wilful, wanton, and malicious were mere conclusions of the pleader. The specific allegations of facts clearly support the characterization. Malice does not necessarily impute ill will or hatred. "In a legal sense, any act done wilfully and purposely to the prejudice and injury of another, which is unlawful, is, as against that person, malicious." *Southwestern Railroad Co.* v. *Mitchell,* 80 *Ga.* 438 (5 S. E. 490).

■ The general grounds of the motion for new trial are without merit. The testimony of the plaintiff substantially followed the allegations of her petition and need not be repeated here, as it is set out in the statement of the case. The plaintiff in error makes the statement that she does not claim to have been frightened. As to that she testified, "I remember screaming." Certainly the jury would have been authorized to regard that as extreme fright. The defendant's agent testified in contradiction of the general statement of the plaintiff, asserting that his manner and acts were entirely decorous, and that, instead of throwing the silver coins at the plaintiff, he merely placed them on the table near her bedside. The jury was the judge of the facts. Moreover, the girl who had been waiting upon the plaintiff in her illness testified to hearing the plaintiff "holler," and that when she went into the bedroom the plaintiff was "just lying there still when I saw her. I guess she was having one of her usual spells." She further testified that she found money, not paper money, scattered all over

the floor; that she called a doctor, etc. The evidence was sufficient to authorize the verdict in favor of the plaintiff.

■ The first special ground of the motion for new trial complains that the court erred in first stating to the jury that the defendant denied that the agent was acting as an agent of, and within the scope of his employment with, the defendant, then stating that the defendant admitted that he was about its business at the time he went to the house of the plaintiff, and that his each and every act was for the benefit of the defendant, and then submitting to the jury the question as to whether or not the said Lykens was acting in his capacity as agent of the company; that the effect was to put the defendant in a prejudicial light before the jury as making contradictory answers to the petition; that the jury was confused and misled, and the defendant discredited; and that such confusion might have been the deciding factor in the jury's deliberations. In the state of the pleadings we can not say that the defendant was harmed. While it is true that the defendant elsewhere admitted that Lykens was its agent and in and about its business on the occasion in question, its answer to the eighth paragraph of the petition was such that its position might be taken to be to the contrary. That paragraph was as follows: "She shows that on May 21, 1935, that the defendant H. V. Lykens, acting in his capacity as agent and within the scope of his employment with the said defendant Interstate Life and Accident Co., came to her home" and did certain things. That was equivalent to saying that on May 21, 1935, H. V. Lykens came to her home and did certain things, and that he was acting in his capacity as agent and within the scope of his employment with the company. The answer of the defendant was: "The averments of the eighth paragraph of the petition, upon information, are denied," followed by a statement that its information was that Lykens went to the plaintiff's home, acted courteously, etc., but without referring to the question of his agency. It is contended that the denial should be taken to relate solely to the occurrences detailed by the plaintiff, and that the defendant did deny that Lykens did what he was alleged to have done. It may be assumed that the defendant did not really intend to deny Lykens' agency; but the fact remains that the answer covered the allegations both as to the agency and the occurrences on May 21, 1935.

Pleadings are to be construed most strongly against the pleader. Under the circumstances, the statements of the court as to the defendant's answer, and its instruction that the jury should decide for itself as to what the facts showed on the question of agency, we do not think the defendant can be said to have been harmed.

■ Another ground sets forth a lengthy portion of the charge of the court, and complaint is made that it is contrary to law and not justified for a number of assigned reasons. It would require unnecessary time and space to show by detailed analysis that no error was committed. Suffice it to say that all the questions involved are concluded by what has been said as to the evidence and principles of law involved in the present case. The charge was not error for any reason assigned.

■ Another ground complains that the court erred in instructing the jury that punitive damages might be allowed in the event the plaintiff was entitled to recover; it being contended that for the jury to allow punitive damages would be to give double damages for pain and suffering; that "mental pain and suffering" and "wounded feelings" are one and the same thing. Though sometimes referred to as punitive damages, the additional damages authorized in some cases by the Code, § 105-2002, are in this State regarded as exemplary damages. That section declares: "In every tort there may be aggravating circumstances, either in the act or the intention; and in that event the jury may give additional damages, either to deter the wrongdoer from repeating the trespass or as compensation for the wounded feelings of the plaintiff." The "wounded feelings" referred to in the Code are not the same in nature as ordinary mental pain and suffering resulting from a physical injury. The former expression relates to the self-respect, sensibilities, or pride of a person. Mental pain and suffering, such as result from a physical injury, and wounded feelings may arise from the same wrong; and wounded feelings may be of even longer duration than the mental pain and suffering which result from a physical injury. It has been held in this State that where one brings an action for damages on account of *wounded feelings*, it would be error for the court to charge the jury as to exemplary damages in the language of the Code section, and that the charge should be restricted to the allowance of additional damages, under aggravating circumstances, to deter the wrongdoer from

repeating the trespass, rather than as compensation for the wounded feelings of the plaintiff; because otherwise the jury might make the award for the latter purpose, and the effect would be to give double damage for the same feelings. Such are the cases cited by the plaintiff in error: *Georgia Ry. & El. Co.* v. *Davis,* 6 *Ga. App.* 645 (2) (65 S. E. 785); *Southern Railway Co.* v. *Jordan,* 129 *Ga.* 665 (2) (59 S. E. 802); *Johnson* v. *Morris,* 158 *Ga.* 403 (123 S. E. 407). In the present case, however, the plaintiff is not suing for humiliation or outraged feelings, but for the ordinary mental and physical pain and suffering to which she is entitled as a matter of right; and a charge of the court in the language of the Code would not be error, because, even if it be said that the jury awarded additional damages as compensation for her wounded feelings, the effect would not be to give double damages.

■ Another ground complains that the court erred in refusing a request to charge the jury: "In this case the plaintiff claims in her petition that her physical condition since May 21, 1935, is the result of the words, acts, and conduct of Mr. Lykens on that date, while the defendant is contending that her condition is the same or better than it was prior to that date. I charge you that if the plaintiff did not suffer any physical injury as a result of the words, acts, and conduct of Mr. Lykens, you should find for the defendant." The last sentence of the requested charge would of itself render the charge improper. As hereinbefore shown, the jury was authorized to find that the agent committed a wilful and wanton tort upon the plaintiff, with resulting mental pain and suffering, and it was not necessary to recovery that the facts show a physical injury.

■ Another ground complains that the court erred in not giving the jury a certain requested charge. The charge requested eliminates entirely the principle of law that recovery might be had for pain and suffering without a physical injury, if the evidence showed that the agent committed a wilful and wanton tort upon the plaintiff; and it contained a statement that recovery could not be had unless the plaintiff suffered some physical injury therefrom. The court did not err in refusing to give the desired instruction.

■ Another ground assigns as error the refusal of the court to declare a mistrial, because counsel for the plaintiff, in his con-

cluding argument to the jury, referred to the defendant as a "negro-stealing society," and it is contended that the defendant's case was prejudiced thereby. As was said in *Central of Georgia Railway Co.* v. *White*, 49 *Ga. App.* 290, 292 (175 S. E. 407), "No fixed rule may be laid down as to when improper remarks or conduct of counsel in the trial of a case are or are not sufficiently corrected by instructions of the court to the jury to disregard them, as this must be determined under the particular facts and circumstances of each case." The Code, § 81-1009, declares: "Where counsel in the hearing of the jury make statements of prejudicial matters which are not in evidence, it is the duty of the court to interpose and prevent the same; and, on objection made, he shall also rebuke the counsel, and by all needful and proper instructions to the jury endeavor to remove the improper impression from their minds; or, in his discretion, he may order a mistrial if the plaintiff's attorney is the offender." In the present case it is shown by the record that the court administered a decided rebuke to the offending counsel, and also instructed the jury to disregard the incident and not let it influence them in the slightest. While the remarks of counsel were entirely improper and unwarranted, we do not think that his conduct was of such gravity and influence that the jury could not have fairly acted upon the evidence. "Unless it is apparent that a mistrial was essential to preservation of the right of fair trial, the discretion [of the court] will not be interfered with." *Manchester* v. *State*, 171 *Ga.* 121, 132 (155 S. E. 11); *Powell* v. *State*, 179 *Ga.* 401 (4) (176 S. E. 29). Quite a number of cases have been cited by the plaintiff in error, but these may be distinguished on their facts. Generally, it may be said that in most of them no rebuke was administered to counsel, or that in others the appellate court felt that even with the rebuke a fair trial could not have been had, or because counsel referred to other cases in which very substantial verdicts were returned, or that they were criminal cases involving more probability of prejudice against the accused. Of the last named is *Duncan* v. *State*, 51 *Ga. App.* 97 (179 S. E. 638), in which the solicitor referred to the defendant as having been previously convicted for larceny. The discretion of the judge will not be disturbed in the present case.

■ In the last ground a new trial was moved for on the ground

of newly discovered evidence to the effect that since the trial it had been ascertained, as shown by an attached affidavit from the plaintiff's attending physician, that she had had heart trouble and high blood pressure for a year preceding the alleged tort. This ground is without merit, for the reason that the plaintiff alleged in her petition that she was suffering from such diseases at the time of the tort; that she gave similar testimony on the trial of the case; and that there were in evidence claims made by the plaintiff upon which the same physician certified that she was so afflicted. Being thus notified, the defendant by proper diligence could have ascertained the same information, if true, that it acquired after the trial.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*

Stephens, P. J., concurring specially. I concur in everything except the ruling announced in paragraph 5. I see no difference in a recovery for mental pain and suffering and in a recovery for wounded feelings. In the charge of the court the jury were instructed that the plaintiff could recover damages as compensation for mental and physical pain and suffering in an amount to be determined by the enlightened consciences of impartial jurors, and that if the jury should find that there were aggravating circumstances either in the act or the intention, the plaintiff could recover an additional sum as "punitive damages," to deter a "future similar occurrence," or that if the jury should find that there were aggravating circumstances either in the act or the intention, the jury could give additional damages as compensation for the wounded feelings of the plaintiff. The court, in charging the jury that the plaintiff could recover as compensation for physical pain and suffering, and that if the jury believed there were aggravating circumstances either in the act or intention the plaintiff could recover additional damages as compensation for wounded feelings, instructed the jury that there could be a double recovery for mental pain and suffering or for wounded feelings. There is no exception to the charge of the court as being error on the ground that it authorized a double recovery as compensation for mental pain and suffering or for wounded feelings. The charge in this respect might be erroneous. See *Southern Railway Co.* v. *Jordan,* 129 *Ga.* 665 (2) (59 S. E. 802); *Georgia Railway & Electric Co.* v. *Davis,* 6 *Ga. App.* 645 (2) (65 S. E. 785). The

charge is excepted to only on the grounds that it was not authorized by the evidence, that the jury were instructed in an incorrect measure of damages, wherein they were instructed that the sum recoverable for physical pain and suffering was an amount to be determined by the enlightened consciences of impartial jurors, and that the charge authorized a recovery of compensatory damages for pain and suffering, and in addition thereto "punitive damages" for wounded feelings. The charge was not subject to any of the exceptions taken. The charge as given, which is referred to in paragraph 5 of the opinion, was not error on any ground of error assigned.