## 29819. ANDERSON v. BUICE.

DECIDED APRIL 1, 1943.

*A. S. Grove,* for plaintiff in error.

*E. L. Fowler, O. C. Hancock,* contra.

STEPHENS, P. J. (After stating the facts as above.) The filing of the last amendment, under the ruling on the demurrers to the petition as first amended, opened the petition as last amended to a fresh adjudication. The court then made certain rulings adversely to the defendant in its judgment on the demurrers to the petition as amended, holding, among other things, that the petition as amended set forth a cause of action. An inquiry will now be made as to the correctness of that adjudication. The relief sought by the plaintiff is either for a wilful tort resulting in pain and suffering, in which case it is unnecessary to show the existence of physical injury following the wrongful conduct, or for the negli-

gence of the defendant causing pain and suffering and consequential mental or physical impairment. The acts on which the complaint is based are substantially as follows: The defendant, in the presence of the plaintiff and on the premises of her husband where she was in charge of his storehouse, abused and cursed certain colored employees of the husband, calling them "God damn sons of bitches." To her appeal that he cease his interference with their duties of killing and dressing chickens he announced that he was going to kill the "God damn sons of bitches," directing her to "get back in the house" and shut her mouth, and adding in a loud and boisterous manner that she "would be hit on the head herself." Thereupon he went to his home adjoining the storehouse and returned with a shotgun. It is alleged that she "did not give him any cause for threatening her with the shotgun," but it is not alleged that he did threaten her with the shotgun. During all of this time he was intoxicated. The plaintiff bases her right to recover on the aforementioned conduct of the defendant, which she alleges to have been wilful and malicious; and the effects alleged to have been produced upon her are as follows: The plaintiff, when the defendant had returned to within twenty feet of her, coming towards her with his shotgun, became frightened "on account of the shotgun in the hands of the defendant," and her fright caused her to faint and become unconscious, in which condition she had to be carried to her home where she was forced to remain under the care of doctors for approximately three months. On account of the defendant's conduct and her fright "from the appearance of the defendant with said shotgun and in a drunken condition" she suffered a nervous breakdown, "her nerves" have been injured and completely wrecked, she is so nervous it is almost impossible for her to remain out of bed, and she has suffered excruciating pain and shock, extreme physical and mental inconvenience, and will continue to suffer both mentally and physically during her natural life.

It is alleged, that the plaintiff, at the time of the alleged acts complained of, was in her husband's storehouse, and that the boys whom the defendant threatened to kill were in the back yard in the rear of the storehouse, engaged in their employment by the plaintiff's husband to clean and dress chickens; that the defendant "came near the place where these boys were at work, and on the

premises of the plaintiff's husband," and committed the alleged acts in the presence of the plaintiff; that such conduct was wilful, deliberate, and malicious, and resulted in the injuries alleged. While it is alleged that the plaintiff was in the storehouse of her husband, she was nevertheless where she had a right to be, and as between her and the defendant his acts in coming on the premises amounted to a trespass as against the plaintiff, and his conduct in her presence in threatening to kill the boys, threatening to hit the plaintiff, then going away and coming back in a drunken condition with a shotgun which was exhibited to the plaintiff, were wilful and wanton acts against the right of the plaintiff. While the defendant may not have expressly threatened to use the shotgun in any manner on the plaintiff, and may not have had any such intention, his conduct, while in an intoxicated condition in threatening to hit the plaintiff and shoot the boys in her presence, and in exhibiting the shotgun in her sight, was such conduct as might cause the plaintiff to fear that he would commit bodily harm on her or on the boys, and thus cause her to become frightened. The defendant by such conduct committed a wilful tort on the plaintiff, and she is entitled to recover for the alleged fright and other physical and mental injuries sustained by her which proximately resulted from the defendant's conduct. *Hines* v. *Evans, 25 Ga. App.* 829 (105 S. E. 59) ; 1 Restatement Law of Torts, 64, § 32. The petition with the amendments set out a cause of action, and the court did not err in overruling the general and special demurrers.

Judgment affirmed. Felton, J., concurs.

SUTTON, J., dissenting. Does the petition as amended show any right to recover for a wilful and malicious act of the defendant? If the petition shows a wilful *tort,* it would be good against general demurrer, even disregarding the allegations as to fright or physical or mental impairment, because in that event recovery could be had for nominal damages. The purpose of alleging fright, pain and suffering, shock, or physical or mental impairment is not to show by such charges alone that a *cause of action* is set out, but to show grounds for the award of more than nominal *damages* where an invasion of the *legal right* of the plaintiff is made to appear. In other words, such allegations relate to the element of damages, and not to the *cause* for awarding damages. It is the wilful *tort* or the negligent *tort* that gives rise to a cause of action, and not the mere

fright or other ill effects. These consequences form the basis for an award of *damages* in a case where by other and primary allegations a legal wrong is shown to have been committed against the complaining party. No matter what fright, shock, suffering, or physical or mental impairment is shown to have been endured, the plaintiff can not be heard to complain unless it is made to appear that against her some legal wrong, preceding such ill effects, has been committed. In a thorough search I have been unable to find in this State any case in which recovery was allowed for fright and its consequences, except where the offender had intentionally or negligently done some act which was a violation of the *right of the plaintiff*. It is well settled in this State that a wilful, wanton, and malicious *tort* resulting in pain and suffering will authorize a recovery of damages. *Interstate Life & Accident Co.* v. *Brewer*, 56 *Ga. App.* 599, 605 (193 S. E. 458), and cit. Also, "Mere wrongful acts of negligence will authorize a recovery where the resulting fright, shock, or mental suffering is attended with actual immediate physical injury, or where from the nature of the fright or mental suffering there naturally follows as a direct consequence physical or mental impairment." *Gardner* v. *Newnan Hospital*, 58 *Ga. App.* 104, 108 (198 S. E. 122), and cit. But it is necessary, where the tort is not wilful and only negligence is relied upon, to show that the mental or physical impairment resulting from fright, pain and suffering, or shock, caused by the negligent act, should reasonably have been foreseen or anticipated by the offender as the direct, natural, and probable consequence of his act; and a petition which does not so allege is subject to general demurrer. *Pettett* v. *Thompson*, 33 *Ga. App.* 240 (125 S. E. 779), and cit.

I think that it is clear from the petition as last amended, that, although the acts of the defendant are characterized as wilful and malicious, the specific facts alleged do not in fact show any intentional act which is in law a *tort* against the plaintiff. The defendant did not commit any trespass against the plaintiff. The premises were those of her husband, and the present case is to be distinguished from those where the offender enters, uninvited, the bedroom privacy of a woman. The cursing, though vulgar and reprehensible, was not directed against the plaintiff. Spoken words may from their nature be actionable, but they are such as are spoken of and to another person, and constitute slander. Code, § 105-702.

Mere cursing in the presence of a female is not actionable. *Atkinson* v. *Bibb Mfg. Co.*, 50 *Ga. App.* 434 (178 S. E. 537). Nor does the threat of the defendant, in a loud and boisterous manner, that "she would be hit on the head herself" constitute an assault. It shows only a declaration as to a future act, and not a present one, whereas "An assault is an *attempt* to commit a violent injury on the person of another." (Italics ours.) Code, § 26-1401. The threat does not show any preparation for an assault; and even a mere preparation, unaccompanied by a physical effort to commit a violent injury upon another, does not amount to an assault. See *Brown* v. *State*, 95 *Ga.* 481 (20 S. E. 495). No belligerent use of the gun is shown. The defendant, after announcing that he was going to kill the "damn sons of bitches," "referring to said employees," went to his near-by home and returned with a shotgun; but the petition falls far short of alleging that he threatened the plaintiff with it. It contains an allegation that she gave the defendant "no cause for threatening her with the shotgun," but, taking this statement as true, it amounts only to an insinuation, and not to a direct allegation that he threatened her in fact. The petition nowhere evinces a show of violence by a shotgun. Her fright and fainting were not thus occasioned, but resulted "on account of the shotgun in the hands of the defendant," and not because of any effort of the defendant to commit an assault upon her. The *facts* alleged, which override mere conclusions, show no wilful and malicious tort on the part of the defendant as against the plaintiff. It follows that no right of recovery exists, unless the petition as amended contains allegations of wrongful negligent acts, causing pain, suffering, fright, or shock, and a contemporaneous physical injury, or shows physical or mental impairment following the pain, suffering, fright, or shock as a direct consequence of the wrongful act of the defendant, and unless it is further alleged that such mental or physical impairment should reasonably have been foreseen or anticipated by the defendant as the direct, natural, and probable consequence of his act. Whether the plaintiff's "completely wrecked" nerves may be taken to constitute a physiological, and not a psychological, condition, and whether the petition in other respects shows that any physical or mental impairment followed her pain, suffering, fright, or shock as a direct consequence of the defendant's act, it is unnecessary to determine, inasmuch as

the petition fails to charge that the plaintiff's alleged physical and mental impairment should reasonably have been foreseen or anticipated by the defendant as the direct, natural, and probable consequence of his act. Therefore the petition as amended did not set forth a cause of action for any wrongful negligence of the defendant.

In the majority opinion it is stated that as part of the wrohgful conduct of the defendant he "exhibited" a gun to the plaintiff. There is nothing in the petition as amended which, in my opinion, justifies a statement that the defendant exhibited a gun in the sense of threatening the plaintiff with it. The only reasonable construction of the allegations of the petition is that he was *carrying* the gun, not exhibiting it as a menace against the plaintiff, but for the purpose, if any, of using it against the negroes. He did not point it at the plaintiff or call it to her attention or use it in any manner calculated to endanger her. In no respect did he assault or attempt to assault her, nor did he use any slanderous words toward her. While the defendant's conduct was reprehensible, I am of the opinion that the facts alleged in the petition as amended fail to set out a cause of action good as against general demurrer, and I dissent from the judgment of affirmance.

I will add further that, in my opinion, *Hines* v. *Evans, 25 Ga. App.* 829 (105 S. E. 59), and the Restatement of Law of Torts, 64, § 32, cited in the majority opinion, are not authority for holding that the petition in the present case is good against general demurrer. The *Hines* case is distinguishable on its facts. In that case the plaintiff received a physical injury from the defendant.