A petition alleging that a passenger on a bus alighted therefrom on the premises of the bus company and before he had a reasonable time to depart from such premises the driver of the bus, without provocation, used opprobrious and offensive language to him, which tended to humiliate him and subject him to shame and mortification, set forth a cause of action good as against a general demurrer.
 DECIDED JULY 3, 1943.
Thomas L. Graham brought this action against Southeastern Greyhound Corporation alleging as follows: "1. There is herein named as defendant in this cause, Southeastern Greyhound Corporation, a non-resident public service corporation, with busses and bus lines operating in this State, from the City of Macon, Bibb County, Georgia, through the City of Eastman, Dodge County, Georgia. The defendant has a bus station, place of business and *Page 622 
agent in said City of Eastman, Dodge County, State of Georgia, upon whom service can be effected in this suit. 2. By reason of the acts hereinafter set forth, the defendant has injured your petitioner in the sum of Twenty nine hundred ($2900) Dollars or other large sum of money. 3. On September 17, 1942, your petitioner purchased a ticket from defendant's agent at Macon, Georgia, to his destination at Eastman, Georgia, and petitioner boarded defendant's bus at said Macon, Georgia, about 6:00 p. m. to be carried to his destination at Eastman, Georgia, in Dodge County 4. Petitioner shows that on said date, the weather was extremely hot and sultry, and the window which was nearest to the seat he occupied with one J. F. Dukes, was closed. That about thirty miles from said Macon, Georgia, petitioner became so terribly heated in the bus that he opened said bus window for the purpose of getting relief from the intense heat and profuse perspiration. 5. M. E. Turnipseed was the name of bus driver, who had the operation of the bus under his charge, and he was the employee, agent and representative of defendant. Along with said bus driver Turnipseed was an assistant employee whose name is unknown. 6. Very shortly after said window was opened as aforesaid, the said assistant employee came to petitioner's seat and in a very abrupt manner closed said window, stating to your petitioner as follows, to-wit: `If you don't keep the window closed you ought not to ride on this bus.' Petitioner then in a courteous manner requested said employee of defendant to give petitioner his name, and said employee did not reply. M. E. Turnipseed, said bus driver, then turned around from his driving seat and in a loud and boisterous voice threatened your petitioner in the following statement to-wit: `If you don't hush your mouth I'll put you off the bus,' and slowed down. Petitioner replied courteously, `I suppose you could put me off if you want to.' 7. Petitioner after due course was carried to and arrived at his destination, at defendant's bus station in Eastman, Georgia, about 8:00 o'clock p. m., where petitioner detrained from said bus and went to the rear of said bus and was in the act of looking at the license plate of said bus. While attempting to do so, while said bus was stopped at said bus station in Eastman, Dodge County, Georgia, said Turnipseed, defendant's driver approached petitioner, and in a threatening, wanton, deliberate and malicious manner stated to petitioner, `You God damn rascal, you *Page 623 
just want to report somebody.' Petitioner replied courteously, `It is my intention to report this.' A group of 12 or 15 people at said station hearing this gathered around petitioner and said Turnipseed, said defendant's bus driver and employee, after hearing the aforesaid. There were also 25 or 30 people in said bus who also heard it. 8. The said Turnipseed, defendant's driver, agent and employee as aforesaid, then in a threatening, deliberate, wanton and malicious manner in a loud and boisterous voice, at said defendant's station and in the presence of the people there as aforesaid, closed his fists, turned towards petitioner and loudly exclaimed, to-wit: `You God damned bald headed son of a bitch, step over here and I'll settle the whole damn business with you.' Petitioner replied, `I don't want any trouble and will let the law take its course,' and petitioner, upon concluding this statement left said Turnipseed and defendant's bus station premises. 9. Petitioner shows that the said Turnipseed, employee of defendant as aforesaid at all times was within the scope of his employment, and said acts, threats, cursing and belligerency on the part of defendant's said bus driver, were wholly unprovoked by petitioner, and said acts by said defendant's bus driver were deliberate, wanton, malicious and threatening, causing your petitioner public humiliation and embarrassment, to such an extent that petitioner's sensibilities and feelings were deeply wounded at the time and have been severely wounded since that time. 10. Petitioner further shows that he is an ordained minister of the gospel of Christianity with the Primitive Baptist Church, and that in his creed and faith, he could not strike back and that this public insult, humiliation, threat of bodily assault and malicious belligerency on the part of defendant's employee, as aforesaid, has injured your petitioner to the extent of severe mental pain and anguish, public humiliation and embarrassment of outrageous insult, and has deeply cut and wounded your petitioner's sensibilities and feelings. 11. Said acts as aforesaid, on the part of defendant's employee as aforesaid, were deliberate, malicious, wanton and unprovoked, and are imputable to defendant, and have injured and damaged this petitioner in the sum of Twenty nine hundred ($2900) Dollars or other large sum of money."
The defendant filed general and special demurrers to the petition. *Page 624 
The court did not pass on the special demurrers. The exception here is to the overruling of the general demurrer.
A carrier of passengers must exercise extraordinary care and diligence to protect the lives and persons of his passengers. Code, § 18-204. The liability of a common carrier for an assault by one of its employees on a passenger is not dependent on the question as to whether the employee was acting within the scope of his employment or in the line of his duty, but is based upon its broad duty as a common carrier to protect its passengers from assault. 10 Am. Jur. 264, § 1448. And where the relationship of carrier and passenger is once established, unless that relationship be terminated by the voluntary act of the passenger, or by the carrier under circumstances which would justify such a course, it continues until the passenger is safely deposited at his destination, and until he has left or has had a reasonable time within which to leave the premises of the carrier. Brunswick Western R. Co. v. Moore, 101 Ga. 684
(28 S.E. 1000); Georgia Florida Ry. Co. v. Thigpen,141 Ga. 90 (2) (80 S.E. 626). The unprovoked use of opprobrious words and abusive language by a conductor of a common carrier (or driver of the bus of a common carrier) tending to humiliate the passenger or subject him to shame and mortification, gives the passenger a right of action. Cole v. A. W. P. R. Co.,102 Ga. 474 (31 S.E. 107); Wolfe v. Georgia Railway ElectricCo., 2 Ga. App. 499 (58 S.E. 899); Louisville Nashville R.Co. v. Chivers, 11 Ga. App. 236 (75 S.E. 13); Southern RyCo. v. Huckaba, 14 Ga. App. 311 (80 S.E. 697). It was not error to overrule the general demurrer to the petition.
Judgment affirmed. Stephens, P. J., and Sutton, J., concur.