111 Ga. App. 811 (1965)
143 S.E.2d 489
BARRY
v.
BAUGH.
41095.
Court of Appeals of Georgia.
Argued January 5, 1965.
Decided May 24, 1965.
Rehearing Denied June 14, 1965.
W. George Thomas, for plaintiff in error.
Robert H. Herndon, contra.
*812 RUSSELL, Judge.
1. Where special damages are not averred, an action for slander must fall within one of the categories enumerated in Code § 105-702, and the plaintiff here cannot recover for slander unless the words constitute "charges made against another in reference to his trade, office, or profession, calculated to injure him therein." The defendant doctor in the course of a telephone conversation with the county ordinary relative to having the plaintiff's husband committed to a mental institution, stated that the plaintiff, a nurse, was also crazy, which fact caused the plaintiff to become nervous and upset "knowing that if word got out that Dr. Baugh said she was crazy that her job, reputation, and livelihood would be in jeopardy." The plaintiff failed, however, to allege that the words did in fact injure her professional reputation or that they were spoken in reference to it, and the facts stated show they were not spoken in that context. Defamatory language may injure one's business reputation though not intended to do so, and it becomes actionable, or it may be spoken in reference to one's professional reputation and be actionable although no actual damage results. But neither situation obtains here. In Van Epps v. Jones, 50 Ga. 238, the court held that it was not slanderous to say falsely of an attorney that he would not pay his bills, stating: "The defect in the declaration is, that it does not charge that the words were used in reference to plaintiff's profession. . . The authorities indicate that the charge must be of something that affects his character generally in his trade. A particular act may or may not do this, and the matter would depend on the colloquium. But the authorities are uniform that the words must be charged to have been used in reference to one's trade or profession. The speaker must have had the trade or profession of the plaintiff in view, and utter the words in reference to it, as if he should say of a grocery merchant, he keeps false weights, or of a lawyer, that he won't pay his clients the money he collects for them: Starkie on Slander, 109, 126. It would be entirely a new ground of action to hold that it was actionable to utter of a lawyer that he refused to pay a particular debt, there being nothing in the words or in the colloquium to indicate that the speaker was alluding to him as a lawyer." See also Mell v. Edge, 68 Ga. App. 314 (5) (22 SE2d 738); Rogers v. Adams, *813 98 Ga. App. 155 (2) (105 SE2d 354). Nothing in the words spoken or the colloquium indicates that the defendant was alluding to the plaintiff in her capacity as a nurse; on the contrary, the conversation dealt with the plaintiff's concern over the mental incompetence of her husband. The petition failed to allege a cause of action for slander.
2. This case squarely presents the question of whether oral abuse, nothing more appearing, is actionable in Georgia, the petition including allegations that the abuse is false, wilful, wanton, malicious and intentional (but not an allegation that it was said for the purpose of injuring the plaintiff) and also that the plaintiff's emotional response was so great that she suffered insomnia and nausea in consequence.
In Atkinson v. Bibb Mfg. Co., 50 Ga. App. 434 (178 SE 537) it was said that "the mere cursing of another (not amounting to slander) is not a violation of a legal right." The annotation in 15 ALR2d 108 shows that such a cause of action exists in some States. In Alabama, Minnesota, Mississippi and Virginia it exists by statute, probably because at common law, as Lord Mansfield stated, "for mere general abuse spoken, no action lies." Thorley v. Kerry, 4 Taunt 355, 128 Eng. Reprint 367.
Recovery has been allowed in Georgia cases for spoken abuse in connection with other factors. Frequently there is a violation of the right of privacy or other trespass, as where a bill collector bursts into a home, and especially where physical consequences such as a miscarriage result from the act. Into this category fall Interstate Life &c. Co. v. Brewer, 56 Ga. App. 599 (193 SE 458); s.c., p. 720 (193 SE 909); Gardner v. Newnan Hospital, 58 Ga. App. 104 (198 SE 122); Atlanta Hub Co. v. Jones, 47 Ga. App. 778 (171 SE 470); Anderson v. Buice, 69 Ga. App. 265 (25 SE2d 96). Where the defendant is a railroad, street car, telegraph company or the like, abusive words, often coupled with a wrongful ejection of a passenger, are held actionable as a breach of the public service corporation's duty to protect its customers. Wolfe v. Georgia R. &c. Co., 2 Ga. App. 499 (58 SE 899); Southern R. Co. v. Huckaba, 14 Ga. App. 311 (80 SE 697); Southeastern Greyhound Corp. v. Graham, 69 Ga. App. 621 (26 SE2d 371); Young v. Western & A. R. Co., 39 Ga. App. 761 (148 SE 414). In the leading case, Cole v. Atlanta & W. P. R. Co., 102 Ga. 474 (31 SE 107) it was held that the *814 conduct on the part of the employees, itself wilful and wanton, supports an action for negligence against the railroad as the breach of a duty the corporate defendant assumed under its contract to provide service, and under any other circumstances, fright should be regarded as mere emotion, and not sufficiently substantive to be the basis of a recovery of damages.
The problem arises from a confusion between what constitutes a violation of a legal right and what damages may be recovered. See Judge Sutton's dissenting opinion in Anderson v. Buice, 69 Ga. App. 265, supra. If a tort is wilfully committed, then under Code § 105-2003 damages may be recovered for wounded feelings alone. If no tort is committed, the fact that there are wounded feelings, humiliation, and fright, will not give rise to a cause of action.
It is indeed disturbing to the tranquillity of the average person to be misjudged either as to his character, his intelligence, his ability, or his sanity, and to be falsely accused of being lacking in any of these qualities is generally upsetting, especially where the speaker is a person whose position is such that he is in a position to harm the person attacked by causing loss of esteem or employment. This is a moral wrong which may be and often is punished by society through adverse public opinion and avoidance of a person known to have such a character. Has society in Georgia also undertaken to punish such behavior through legal means; that is, has it guaranteed to the citizen as a private right immunity from the harsh judgments of others expressed in abusive or defamatory words? The answer is generally "yes" where the opinion is made known to a third person, where it is false, and where it otherwise constitutes slander.
Otherwise, in the absence of special damages, mere billingsgate, insult, and contemptuous language are not sufficient alone to state a cause of action. As pointed out in the ALR Annotation, supra, "life would be intolerable if one must be on one's guard to do nothing which might be expected to offend the sensibility of another."
The petition failed to set out a cause of action, and the trial court did not err in sustaining the general demurrer.
Judgment affirmed. Bell, P. J., Frankum, Jordan, Hall, Eberhardt and Pannell, JJ., concur. Felton, C. J., and Nichols, P. J., dissent.
*815 FELTON, Chief Judge, dissenting. "While mental suffering, unaccompanied by injury to purse or person, affords no basis for an action predicated upon wrongful acts merely negligent, yet such damages may be recovered in those cases where the plaintiff has suffered at the hands of the defendant a wanton, voluntary, or intentional wrong the natural result of which is the causation of mental suffering and wounded feelings." Dunn v. Western Union Tel. Co., 2 Ga. App. 845 (3) (59 SE 189); Young v. Western & A. Railroad, 39 Ga. App. 761, 766 (148 SE 414); Digsby v. Carroll Baking Co., 76 Ga. App. 656 (3) (47 SE2d 203); Atlanta Hub Co. v. Jones, 47 Ga. App. 778, 780 (171 SE 470).
The present petition alleges that the defendant knew that his statement that the plaintiff was crazy, was false and that it was wantonly, maliciously, wilfully and intentionally uttered. This was a sufficient allegation of a wanton, voluntary, or intentional wrong. It is also alleged that the nervous shock, fright, mental pain, wounded feelings and inability to sleep or digest food were the natural result of the defendant's wanton, voluntary, or intentional wrong. The petition shows that the alleged false statement was or could have been heard by others, which fact, if proven, could be found to be the basis for the plaintiff's alleged mental suffering and wounded feelings caused by apprehension about her reputation and livelihood. The plaintiff's apprehension could well have been increased by the fact that the statement as to her mental condition was made by a licensed physician, whose credibility in such matters would be greater than a layman's.
The case of Hamby v. Edmunds Motor Co., 80 Ga. App. 209 (55 SE2d 743), does not require a conclusion different from that here reached. In this case the rule is stated as follows (p. 212): "In a case based on fright, where no physical injuries result and where there is no actual immediate physical injury, in order to set forth a cause of action it must appear from the petition either, (1) that the injuries were the natural and proximate result of the fright or shock, and that the defendant knew or should have known that the act producing the injuries would with reasonable certainty cause such a result, and it must appear that the injuries resulted from such gross carelessness, coupled *816 with the knowledge of the probable physical results as would amount to wilful and reckless disregard of the consequences, or (2) that the fright was brought about by the deliberate and malicious intention on the part of the defendant to injure the plaintiff. Goddard v. Watters, 14 Ga. App. 722 (3) (82 SE 304); Logan v. Gossett, 37 Ga. App. 516 (140 SE 794); Clack v. Thomason, 57 Ga. App. 253 (195 SE 218)." The allegation in the case at bar that the statement was wantonly, maliciously, wilfully and intentionally uttered is sufficient to allege "deliberate and malicious intention" to injure, as required by the Hamby case. As pointed out in Interstate Life & Accident Co. v. Brewer, 56 Ga. App. 599, 607 (193 SE 458), "The specific allegations of facts clearly support the characterization. Malice does not necessarily impute ill will or hatred. `In a legal sense, any act done wilfully and purposely to the prejudice and injury of another, which is unlawful, is, as against that person, malicious.' Southwestern Railroad Co. v. Mitchell, 80 Ga. 438 (5 SE 490)." The facts alleged in the present case not being inconsistent with such intention, the allegation of malicious intention was not a mere conclusion of the pleader. Whether or not such intention existed is an issue of fact to be determined by a jury. If no such intention is found to have existed, the petition would not support a recovery for a mere negligent tort, the specific damages for which must consist of actual physical injury, or a pecuniary loss resulting from a non-physical injury, Kuhr Bros. v. Spahos, 89 Ga. App. 885, 890 (81 SE2d 491) and cases cited, neither of which is alleged.
If the majority opinion is correct it turns its back on the age-old tradition that for every actionable wrong there exists a remedy. It is beyond my comprehension that the plaintiff is without remedy under the allegations of the petition which are supposed to be taken as true on demurrer.
NICHOLS, Presiding Judge, dissenting. "While, as a general rule, allegations of fact are to be construed most strongly against the pleader, yet, in the absence of special demurrer, where the facts alleged in a petition are such as would be proper and adequate to support one form of action, but although appropriate, inadequate to support another form of action, and where the petition is ambiguous to the extent that the pleader's intention is *817 not clearly manifest as to which form of action is relied upon, the courts, in endeavoring to ascertain the plaintiff's intention, will prima facie presume that his purpose was to serve his best interest, and will construe the pleadings so as to uphold and not to defeat the action. Stoddard v. Campbell, 27 Ga. App. 363 (3) (108 SE 311); Speir v. Westmoreland, 40 Ga. App. 302 (3) (149 SE 422); Carpenter v. Williams, 41 Ga. App. 685, 691 (154 SE 298)." Zittrouer v. Zittrouer, 43 Ga. App. 262 (1) (158 SE 437).
In the majority opinion it is stated "Defamatory language may injure one's business reputation though not intended to do so, and it becomes actionable, or it may be spoken in reference to one's professional reputation and be actionable although no actual damage results." The decision of the Supreme Court in Van Epps v. Jones, 50 Ga. 238 dealt with charges made against an attorney which would have no reference to his ability to perform his duties as an attorney. In the present case the charges were against a registered nurse and charged her with being crazy and a fit subject for confinement in the State hospital for the mentally ill. Persons in such category are defined by Ga. L. 1960, pp. 837, 841 (Code Ann. § 88-1601) as follows: "(1) `Mentally ill person shall mean a person who is afflicted with a psychiatric disorder which substantially impairs his mental health; and because of such psychiatric disorder requires care, treatment, training or detention in the interest of the welfare of such person or the welfare of others of the community in which such person resides and shall include, but not be limited to, any mental deficiency, alcoholism, or drug addiction when due to or accompanied by mental illness or mental disease." To so describe a registered nurse is to slander her in her profession whether such is calculated or intended or not so as to be actionable under Code § 105-702 defining slander.